No. 16-2206

---

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

SUZETTE WOOD, DENISE ASH,
EDWARD KORBINSKI, DANIEL PROUGH,
EDDIE BABCOCK, RUSSELL RULASON,
TINA WHITE, DAVID BRYANT, AND
BARBARA KING,

                          Plaintiff-Appellant

v.

MIDLAND FUNDING, CO. LLC, AND
WELTMAN, WEINBERG & REIS, CO., LPA,

                         Defendants-Appellee

---

On Appeal from the United States District Court
For the Eastern District of Michigan, Case No. 1:15-cv-14204-TLL-PIM
The Honorable Thomas L. Ludington

---

BRIEF OF PLAINTIFFS-APPELLANTS

---

Arvid Perrin (P25470)
Attorney for Plaintiffs
P.O. Box 1646
Houghton Lake, MI 48629
989-202-2242
arvidperrin@yahoo.com

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number: 16-2206                 Case Name: Wood, et al v. Midland Funding, et al

Name of counsel: Arvid Perrin

Pursuant to 6th Cir. R. 26.1, Suzette Wood, et al appellants
                                    *Name of Party*

makes the following disclosure:

1.   Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the
     identity of the parent corporation or affiliate and the relationship between it and the named
     party:

No

2.   Is there a publicly owned corporation, not a party to the appeal, that has a financial interest
     in the outcome?  If yes, list the identity of such corporation and the nature of the financial
     interest:

No

---

CERTIFICATE OF SERVICE

I certify that on _____ August 28, 2016 _____ the foregoing document was served on all
parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not,
by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT . . . . . . . . . . . . . . . . . . viii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUES ADDRESSED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.    The District Court Improperly Dismissed Plaintiffs' Count I
      On the Grounds That Plaintiffs' Claims Are Barred by the
      Rooker-Feldman Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.    The Standard of Review for Dismissals Under Rule 12(b)(1)  . . . . . . 6

      B.    The Purpose of the Rooker-Feldman Doctrine . . . . . . . . . . . . . . . . . 8

      C.    The Cause of Plaintiffs' Injuries . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II.   Defendants Made Material Misrepresentations of Fact in Their Certified
      Motions for Alternate Service to the State Court  . . . . . . . . . . . . . . . . . . 13

      A.    The Misrepresentation of Fact  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

      B.    The Conceptual Error  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

      C.    The Representation of the Process Server's Verification is False . . . 17

      D.    The Trial Court Applied the Wrong Standard Under §1692(e)  . . . . 18

III.  The Trial Court Erred in Applying the So Called "Process Server"
      Exemption to Defendants' Actions  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

A.    The "Process Server" Exception is an Affirmative Defense . . . . . . . 22

B.    The Defendants Are Not Bona Fide Process Servers . . . . . . . . . . . 23

C.    The "Process Server" Exception Does Not Exempt Those
Who Prepared the Order[s] For Service by Publication . . . . . . . . . 24

D.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

F.    Defendants Prepared the Orders for Publication . . . . . . . . . . . . . . . 25

IV.    The Trial Court Erred in Determining that Plaintiffs Did Not Allege
Any Abusive, Harassing, or Coercive Conduct . . . . . . . . . . . . . . . . . . . . 26

A.    Defendants' Publications Invaded Plaintiffs' Privacy . . . . . . . . . . . 26

B.    Defendants' Letter to the 34th Circuit Court . . . . . . . . . . . . . . . . . . 28

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

# TABLE OF AUTHORITIES

## Reported Cases

*Alger v. Ganick, O'Brien & Sarin,*
    35 F.Supp.2d 148 (D. Mass.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Abbott v. Michigan*,
    474 F.3d 324 (CA 6, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Arbaugh v. Y & H Corp.*,
    546 U.S. 500; 126 S.Ct. 1235; 163 L.Ed.2d 1097 (2006) . . . . . . . . . . . . . . 6

*Bolden v. City of Topeka, Kansas*,
    441 F.3d 1129 (CA 10, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Buchanan v. Northland Group, Inc.*,
    776 F.3d 393 (CA 6, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bullington v Corbell,*
    293 Mich App 549, 561; 809 NW2d 657 (2011) . . . . . . . . . . . . . . . . . . . . 20

*Currier v. First Resolution Investment Corp.*,
    762 F.3d 529 (CA 6, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*Dist. of Columbia Court of Appeals v. Feldman*,
    460 U.S. 462; 103 S.Ct. 1303; 75 L.Ed.2d 206 (1983) . . . . . . . . . . . . *passim*

*Douglass v. Convergent Outsourcing*,
    765 F.3d 299 (CA 3, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Edwards v. Niagara Credit Solutions, Inc.*,
    584 F.3d 1350 (CA 11, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Evankavitch v. Green Tree Servicing, LLC*,
    793 F.3d 355 (CA 3, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*,
    544 U.S. 280; 125 S.Ct. 1517; 161 L.Ed.2d 454 (2005) . . . . . . . . . . . 10, 11

iii

*Federal Home Loan Mortg. Corp. v. Lamar*,
    503 F.3d 504 (CA 6, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Frank v. Dana Corp*.,
    646 F.3d 954, 963 (CA 6, 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust*,
    491 F.3d 320 (CA 6, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Gibbons v. Ogden,*
    22 U.S. 1, 6 L.Ed. 23 (1824) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gillie v. Jones*,
    785 F.3d 1091(CA 6, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

*Hall v. Callahan*,
    727 F.3d 450 (CA 6, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Howard v. Whitbeck*,
    382 F.3d 633 (CA 6, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jacobson v. Healthcare Fin. Servs., Inc.,*
    434 F.Supp.2d 133 (E.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 27, 28

*Jerman v. Carlisle,*
559 U.S. 573; 130 S.Ct. 1605; 176 L.Ed.2d 519 (2010) . . . . . . . . . . . . . . . . . . . . 15

*Kieta v Thomas M Cooley Law Sch*,
    290 Mich App 144, 147; 799 NW2d 579 (2010) . . . . . . . . . . . . . . . . . . . . 9

*Kistner v. Law Offices of Michael P. Margelefsky, LLC,*
    518 F.3d 433 (CA 6, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lovely v. United States*,
    570 F.3d 778 (CA 6, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*McCormick v. Braverman,*
    451 F.3d 382 (CA 6, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Midland Funding LLC v. Brent*,
   644 F.Supp.2d 961 (N.D. Ohio 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Matrixx Initiatives, Inc., v. Siracusano*,
   563 U.S. 27; 131 S.Ct. 1309; 179 L.Ed.2d 398 (2011) . . . . . . . . . . . . . . . 27

*Reid v. Pautler*,
   36 F.Supp.3d 1067 (D.N.M. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*RMI Titanium Co. v. Westinghouse Elec. Corp*.,
   78 F.3d 1125 (CA 6, 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Romea v. Heiberger & Assoc*.,
   163 F.3d 111 (CA 2, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Rooker v. Fidelity Trust Co*.,
   263 U.S. 413; 44 S.Ct. 149; 68 L.Ed. 362 (1923) . . . . . . . . . . . . . . . . *passim*

*Schaffer ex rel. Schaffer v Weast*,
   546 U.S. 49; 126 S.Ct. 528; 163 L.Ed.2d 387 (2005) . . . . . . . . . . . . . . . . 22

*Seaton v. TripAdvisor LLC*,
   728 F.3d 592 (CA 6, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Stratton v. Portfolio Recovery Assocs., LLC*,
   770 F.3d 443 (CA 6, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Sykes v. Mel Harris and Associates, LLC*,
   757 F.Supp.2d 413, 423 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Todd v. Weltman, Weinberg, & Reis Co., L.P.A*.,
   434 F.3d 432 (CA 6, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Singleton*,
   *902 F.2d 471 (Cir. 1990)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wallace v. Washington Mut. Bank, F.A*.,
   683 F.3d 323 (CA 6, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**Federal Statutes**

15 U.S.C. §1692(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

15 U.S.C. 1692a(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

15 U.S.C. §1692a(6)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22, 24

15 U.S.C. §1692c(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

15 U.S.C. §1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15 U.S.C. §1692d(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

15 U.S.C. §1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C. §1692k . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. §1692n . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. §1257 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

28 U.S.C. §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. §1337 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*passim*

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**Michigan Court Rules**

M.C.R. 2.105(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

M.C.R. 2.105(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

M.C.R. 2.603(D)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

M.C.R. 3.302(E)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

M.C.R. 3.302(E)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Plaintiffs-Appellants, requests that the Court grant oral argument in this case, as provided by Sixth Circuit Rule 34. Oral argument is appropriate because it will assist the Court's decisional process and allow the parties to address and answer any questions the Court may have regarding the parties' respective arguments and the relevant legal authorities.

## STATEMENT OF JURISDICTION

Plaintiffs allege claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The District Court had jurisdiction under 15 U.S.C. §1692k and 28 U.S.C. §§1331 and 1337.

On July 27, 2016, the District Court granted a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) by Defendant Weltman, Weinberg & Reis, Co. of Michigan (WWR) and concurred in by defendant Midland Funding, Co. LLC, ("Midland"), and entered judgment (Order, RE 30, Page ID # 524-534 and Judgment, RE 31, Pg ID #535), on August 25, 2016 Plaintiffs filed a notice of appeal from the Judgment (RE 33, Pg ID # 543 ("Notice of Appeal"). This Court has jurisdiction under 28 U.S.C. §1291.

## STATEMENT OF ISSUES ADDRESSED

1.     Whether the district court improperly granted Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that Plaintiffs' claims are barred by the Rooker-Feldman doctrine.

2.     Whether the district court erred in concluding that Defendants did not make any false, deceptive, or misleading representations of fact under 15 USC 1692e in their state court motions requesting permission to serve process upon the Plaintiffs' by alternate methods.

3.     Whether the district court improperly granted Defendants' Motion to

Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Defendants'

conduct was exempt from the FDCPA under  the "process server" exemption.

4.     Whether the district court erred in failing to recognize that the publication of

Plaintiffs' names as debtors in local newspapers had the natural consequence of

harassing or abusing consumers in violation of 15 USC 1692d.

## STATEMENT OF CASE

Defendants, Midland Funding, LLC (Midland) and Weltman, Weinberg and

Reis, Co., of Michigan (WWR) published Plaintiffs' names as debtors in notices of

action in local newspapers. (Amended Complaint ¶ 31, RE 14, Pg ID # 150)  The

notices revealed to the public that Plaintiffs were being sued as alleged debtors.

The notices revealed the Plaintiffs' names, addresses, the dollar amount of the

debts, the name of the original creditor, and the name of the current holder of the

debt. (Amended Complaint ¶ 29, RE 14, Pg ID # 147-149).  With the exception of

plaintiff Wood the notices were published for three consecutive weeks. In the case

of plaintiff Wood the notices were published for two consecutive weeks.

(Amended Complaint ¶ 30, RE 14, Pg ID # 150).

The state court gave the Defendants permission to publish the notices as an

alternate manner of service upon the filing by the Defendants of certified motions

stating that service on the Plaintiffs could not be made as otherwise allowed by court rule.  (Amended Complaint ¶¶ 15-16, RE 14, Pg ID # 144-145).

Plaintiffs contend Michigan court rules allow service on individuals by personal delivery, or by sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee (hereafter "registered or certified mail") (Amended Complaint ¶ 12, RE 14, Pg ID # 144)   In each of Plaintiffs' state court cases, the Defendants had attempted service by personal delivery but not by registered or certified mail. Plaintiffs claimed that Defendants' certified ex parte motions were therefore false or misleading representations in violation of 15 USC §1692e.  (Amended Complaint ¶ 23, RE 14, Pg ID # 146)  Plaintiffs claimed in Count II that the publication of the notices was conduct the natural consequence of which is to harass, oppress, or abuse Defendants and was done in connection with the collection of a debt in violation of 15 USC §1692d.  (Amended Complaint ¶ 32c, RE 14, Pg ID # 150)

On February 1, 2016 Defendants moved to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6).  (Motion to Dismiss, RE 15, Pg ID # 155-187). After briefing the Magistrate Judge issued a Report and Recommendation finding the case not barred by the Rooker-Feldman doctrine

3

(Report and Recommendation, RE 22, Pg ID # 376) and suggesting "the motions to dismiss be granted in part and denied in part because res judicata bars Wood's Complaint against both Defendants but neither res judicata nor collateral estoppel bar the other Plaintiffs' actions and the other Plaintiffs have stated a potential claim for relief." (Report and Recommendation, RE 22, Pg ID # 385).

WWR objected to the Magistrate's Report and Recommendation (WWR Objection to R&R, RE 24, Pg ID 463-473). Midland objected as well (Midland Objection to R&R, RE 25, Pg ID # 491-500). Plaintiff Wood also objected to the Magistrates Report and Recommendation (Wood Objection to R&R, RE 23, Pg ID # 387-407). The trial court denied plaintiff Wood's objections and sustained Defendants' objections dismissing Plaintiffs' FDCPA claims July 27, 2016. (Order, RE # 30, Pg ID # 524-534). This appeal followed.

## SUMMARY OF THE ARGUMENT

The FDCPA prohibits public shaming of consumer debtors. Plaintiffs are consumer debtors and were publically shamed by the Defendants. Defendants defend that it is the fault of a state court, which uniquely in the State of Michigan has interpreted the state court rules to require service of process by publication to be included as an alternate manner of service when a motion for an order permitting substitute or alternate service is granted. The FDCPA preempts state law, 15 USC §1692n. If state law interferes with the federal law, it is invalid. See,

4

e.g., *Gibbons v. Ogden*, 22 U.S. 1, 211 (1824). Requiring shaming and prohibiting

shaming are obviously inconsistent.  Regardless of the peculiar idiosyncracy of a

state court, the Defendants are required to comply with the federal statute.  If

Defendants had legal options available to avoid violating the FDCPA they have no

defense to the violations.  Defendants had many alternatives.

## ARGUMENTS

### ISSUE # I

**The District Court Improperly Dismissed Plaintiff's Count I on the Grounds That Plaintiffs' Claims Are Barred by The Rooker-Feldman Doctrine.**

In Count I of the Amended Complaint Plaintiffs claim that Defendants made

false or misleading representations of fact in violation of 15 USC §1692e in their

ex parte motions for alternate service.  (Amended Complaint ¶ 23, RE 14, Pg ID #

146).  The trial court applied the Rooker-Feldman doctrine to dismiss Count I

pursuant to Rule 12(b)(1).  Here is what the trial court wrote:

> "Federal district courts do not stand as appellate courts for decisions of state courts." See *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 44 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 (1983). "The Rooker–Feldman doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotations and citation omitted). Because Plaintiffs have not identified any misrepresentations of fact that even arguably misled the state court in reaching this legal determination, the source of Plaintiffs' alleged injuries is the state court decisions ordering alternative service by publication. Defendants' motion to dismiss will thus be granted as to Plaintiffs' first claim.

(Order, RE 30, Pg ID # 531)

To explain how the trial court erred Plaintiffs will begin the analysis with the standard for appellate review.

### A.    The Standard for Review of Dismissals under Rule 12(b)(1)

Generally review of a district court's ruling under Rule 12(b)(1) is de novo. Courts have, however, observed an exception to this de novo standard of review under Rule 12(b)(1). When Congress establishes a jurisdictional prerequisite, a district court may admit extrinsic evidence and resolve disputed facts to decide if the asserted claim satisfies the jurisdictional prerequisite.  See *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516; 126 S.Ct. 1235; 163 L.Ed.2d 1097 (2006).   Defendants claimed their 12(b)(1) motion "attacks the factual existence of subject matter jurisdiction . . ." (Motion to Dismiss, RE 15, Pg ID # 172).  "Where the district court does not merely analyze the complaint on its face, but instead inquires into the factual predicates for jurisdiction, the decision on the Rule 12(b)(1) motion resolves a 'factual' challenge rather than a 'facial' challenge . . . . [f]actual findings made by the district court are reviewed for clear error; however, the district court's application of the law to the facts is reviewed de novo."  *Lovely v. United States*, 570 F.3d 778, 781-82 (6th Cir. 2009) (quoting *Howard v. Whitbeck*, 382 F.3d 633, 636 (6th Cir. 2004)).

However, a district court's discretion to decide issues of fact in resolving a 12(b)(1) challenge is limited by 6ᵗʰ Circuit precedent:

> [A] district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim. If, on the other hand, an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim. This provides a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6). . . or Rule 56 . . . both of which place greater restrictions on the district court's discretion. As a general rule a claim cannot be dismissed for lack of subject-matter jurisdiction because of the absence of a federal cause of action. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. We follow these principles.

*Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330-331 (6th Cir. 2007) (emphasis added, internal quotation marks and citations omitted)

The first count in Plaintiffs' Amended Complaint alleges Defendants made false or misleading representations of fact which is an element of a cause of action under the FDCPA. The opinion of the trial court clearly shows that it found the Rooker-Feldman doctrine applied "[b]ecause Plaintiffs have not identified any misrepresentations of fact that even arguably misled the state court . . ." (Order, RE 30, ID pg # 532) (emphasis added)).

The trial court's finding that Plaintiffs have not identified any misrepresentations of fact, does not lead to the conclusion that the federal court lacks jurisdiction under Rooker-Feldman, but rather that an element of the federal cause of action is lacking. This is not a proper basis to dismiss for lack of jurisdiction. The Defendants therefore must proceed under Rule 12(b)(6). See *Gentek, supra.* Thus, the facts alleged in the Amended Complaint must be taken as true and the district court's application of the law to those facts reviewed de novo. Whether a communication is misleading raises a question of fact. Generally speaking, "a jury should determine whether the [communication] is deceptive and misleading." *Buchanan v. Northland Group, Inc*., 776 F.3d 393 (6th Cir. 2015) citing *Kistner v. Law Offices of Michael P. Margelefsky*, LLC, 518 F.3d 433, 441 (6th Cir. 2008)

### B.    The Purpose of the Rooker-Feldman Doctrine.

"Federal district courts do not stand as appellate courts for decisions of state courts." *Hall v. Callahan*, 727 F.3d at 453. The doctrine is based on 28 U.S.C. §1257 which empowers the Supreme Court alone to exercise appellate authority "to reverse or modify" a state court judgment.

Plaintiffs are not asking the trial court to reverse the relief granted by the state court to the Defendants in its orders permitting alternate service by publication. This the federal district court cannot do. This is not because of the

Rooker-Feldman doctrine, or any laws of human kind. The publications cannot be undone because of the laws of space and time. An appeal of the decision to allow publication would be moot after publication. The state court issued its orders ex parte, before personal jurisdiction had even been obtained over the Plaintiffs. In each of Plaintiffs' cases the publications occurred approximately 3 weeks after the orders permitting publication were signed.[1]

Once Defendants published the notices an appeal of the state court decision would be moot. Under Michigan law "[a]n issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." *Kieta v Thomas M Cooley Law Sch*, 290 Mich App 144, 147; 799 NW2d 579 (2010). Still a wrong has been committed and the Plaintiffs claim they have a right under the FDCPA to seek damages for that wrong. The state court never denied Plaintiffs their right to damages under the federal statute. That alone makes the Rooker-Feldman doctrine inapplicable.

### C.    The Cause of Plaintiffs' Injuries.

---

[1] Compare date of first publication and date order signed on each Affidavit of Publication in Exhibits regarding each plaintiff attached to Amended Complaint: Wood (RE 1-2, Pg ID # 25); Wood (RE 1-3, Pg ID # 33); Ash (RE 1-4, Pg ID # 41); Korbinski (RE 1-5, Pg ID # 49); Prough (RE 1-6, Pg ID # 57); Babcock (RE 1-7, Pg ID # 65); Rulason (RE 1-8, Pg ID # 73); White (RE 1-9, Pg ID # 81); Bryant (RE 1-10, Pg ID # 89); and King (RE 1-11, Pg ID # 97).

Plaintiffs sue on statutory torts created by the FDCPA. As in all tort cases, causation must be proved. Likewise, under *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293-294; 125 S.Ct. 1517; 161 L.Ed.2d 454 (2005); *McCormick v. Braverman,* 451 F.3d 382, 395 (6th Cir. 2006); *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.*, 434 F.3d 432, 436 (6th Cir. 2006); *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) and others, whether the Rooker-Feldman doctrine applies requires a causation analysis. These cases instruct that the way to analyze the complaint is to first look at the injuries complained of.  The Plaintiffs allege two injuries. First, Plaintiffs complain Defendants filed false certified statements in the state court proceedings. Plaintiffs claim this is a violation of the FDCPA and an injury to their rights. Clearly, the false statements, were not directly caused by the state court.

Next the Amended Complaint claims that Defendants published Plaintiffs' names as debtors in the local newspapers, which Plaintiffs contend violates the FDCPA. The Defendants defend that the publications were the direct result of the state court orders for publication. However, that is not true. The state court orders only permitted the publication. The Defendants were never ordered to publish. The state court rule, M.C.R. 2.105(I), states that "a court may by order *permit* service of process to be made in any other manner reasonably calculated to give the

defendant actual notice of the proceedings and an opportunity to be heard." *Id.* (emphasis added).

In the case of *Bolden v. City of Topeka, Kansas*, 441 F.3d 1129 (10th Cir. 2006) the plaintiff complained of the defendant demolishing his buildings under the authority of a state court order. The 10th Circuit, following *Exxon Mobil* refused to dismiss under Rooker-Feldman.   The Tenth Circuit wrote:

> Mr. Bolden's federal suit did not seek to overturn the state-court judgment. Indeed, the allegations underlying his federal-court claims are identical to what they would have been had there been no state-court proceeding; none of his claims rests on allegations that the state-court proceedings or judgment violated federal law, or that the judgment itself inflicted an injury.

*Id*. at 1138

> * * *

> Indeed, all the state-court judgment did was permit the City to demolish Mr. Bolden's buildings—it did not require their demolition. He can be content to let stand the state court's denial of his request for injunctive relief.

*Id*. at 1145.  Mr. Bolden at least had a chance to ask for an injunction.  Plaintiffs here had no chance to ask for an injunction before their names were published as debtors in the local newspapers.

In arguing that the state court orders caused Plaintiffs' injuries, Defendants suggested that they would be held in contempt if they did not publish the notices of action after their motions for alternate service were granted.  (Motion to Dismiss, RE 15, Pg ID # 177 and WWR Reply to Response, RE 20, Pg ID # 345).   Thus they argue they were forced to publish the words which they had requested permission to publish.  Defendants offer no authority to support this proposition

11

and it is contrary to logic.  A party does not ask the court to order it to do an act.

Essentially that would be requesting an injunction against oneself.  The state court

only issues orders *permitting* publication upon a motion from a plaintiff.

 The Defendants' contention that they publicly shamed Plaintiffs out of

necessity is incorrect.  Defendants cannot advance a necessity defense if they had a

"reasonable legal alternative to violating the law."  *United States v. Singleton*, 902

F.2d 471, 473 (6th Cir. 1990)   WWR's Reply to Plaintiffs' Response to Motion to

Dismiss admits that they understood the state court rule not to limit their selection

under M.C.R. 2.105(A) to only one of the two methods of service allowed.

Defendant WWR states: "Plaintiff incorrectly extrapolates from WWR's

interpretation of MCR 2.105(A) that once one method of service has been

attempted that the other is no longer allowed. This is not accurate."  (RE 20, pg ID

# 346).  Thus there is no disagreement that Defendants could have mailed process

to the Plaintiffs by registered or certified mail at any time, even if they had an

order permitting service by publication.  If Plaintiffs signed for the registered or

certified mail there would have been no need for alternate service by publication or

any alternate manner of service.  Thus the proximate cause of the publications was

the Defendants' actions not the state court's permission of the actions.

For these reasons the Rooker-Feldman doctrine does not apply. [2]

## ISSUE II

**Defendants Made Material Misrepresentations of Fact in Their Certified Motions for Alternate Service to the State Court.**

### A. The Misrepresentation of Fact

Defendants filed certified motions in the state court representing that they

had satisfied their burden for obtaining alternate service under M.C.R. 2.105(I).

Was that representation true or false?

State court rule M.C.R. 2.105(I) provides:

(1) *On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.*

(2) *A request for an order under the rule must be made in a verified motion* dated not more than 14 days before it is filed. *The motion must set forth sufficient facts to show that process cannot be served under this rule* and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. A hearing on the motion is not required unless the court so directs.

---

[2] The trial court did not address state law preclusion principles.  However, the issues of res judicata and collateral estoppel were briefed by Plaintiffs below in the following records: Plaintiffs' Answer to Motion to Dismiss (RE 19, Pg ID # 279-285); Plaintiffs' Sur-reply Brief (RE 21, Pg ID # 357-358); Wood's Objection to Magistrate's Report and Recommendation (RE 23, Pg ID # 393-406); and, Wood's Reply to Defendants' Response to Wood's Objection (RE 28, Pg ID # 517-521).

13

*Id.* (emphasis added).  M.C.R. 2.105(A) provides the manner process may be served on individuals without leave of the court as follows:

> (A) *Individuals. Process may be served on a resident or nonresident individual by,*
> > (1) *delivering a summons and a copy of the complaint to the defendant personally; or*
> > (2) *sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.* Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

*Id.* (emphasis added).

Simply stated M.C.R. 2.105(A) provides litigants two methods to effect service on individuals; and M.C.R. 2.105(I) allows litigants to request permission to effect service by an alternate manner if process cannot be served as provided by the rule.  Because the rule provides two methods to serve process on individuals, Defendants could not truthfully say "process cannot be served under this rule" unless they cannot serve process by either method permitted in M.C.R. 2.105(A).

Whether Defendants' certified statements are true or not depends on the meaning of the court rule. The trial court restated Defendants' position writing: "[d]efendants argue that the representations were neither false nor misleading, but were in fact accurate based on their interpretation of M.C.R. 2.105(A) and (I)." (Order, RE 30, Pg ID # 530).  The trial court concluded: "[t]he alleged misrepresentations by Defendants are thus based upon Plaintiffs' interpretation of

14

the Court rule . . . ." (Order, RE 30, Pg # 531).  In the context of the FDCPA

"ignorance of the law will not excuse any person, either civilly or criminally."

*Jerman v. Carlisle*, 559 U.S. 573, 581; 130 S.Ct. 1605; 176 L.Ed.2d 519; 78

U.S.L.W. 4301 (2010) (concurrence by J. Scalia).  In due course the Michigan

Courts will confirm the correct interpretation of the court rule in the case of *In Re*

*Wood* now before the Michigan Court of Appeals in MCOA docket number

330417, which was filed on November 26, 2015.  The trial court did not answer the

question of which interpretation was correct.  However, if there is any question in

this court's mind on the meaning of the state court rule, Plaintiffs suggest this court

remand to ask the trial court to make a determination on whether Plaintiffs' or

Defendants' reading of the rule is the correct one.   The issue was thoroughly

briefed by the parties in the record below.  (Motion to Dismiss, RE 15, Pg ID #

183-186; and Response to Motion to Dismiss, RE 19, Pg ID # 286-294).

       The trial court avoids interpreting the court rule by reasoning that because

Defendants did not state in their verified motions that they had attempted service

by registered or certified mail they made no false or misleading statements.

(Order, RE 30, Pg ID # 530).  The trial court errs in reading Plaintiffs' claim that

Defendants' representations were false.

       The alleged misrepresentations appear in the Motion and Verification for

Alternate Service (forms MC 303) included in the exhibits related to each plaintiff

attached to the Amended Complaint. [3]  The first numbered paragraph of each motion form MC 303 is as follows: "1. Service of process upon [name of individual] cannot reasonably be made as otherwise provided in MCR 2.105, as shown in the following verification of process server."

The above sentence contains two clauses separated by a comma.  In the first clause (an independent clause) Defendants assert that service of process "cannot reasonably be made as otherwise provided in MCR 2.105."  In the second clause (a dependent clause) Defendants state that this fact is "shown in the following verification of process server."  If that second clause were true the verification of the process server would show service by registered or certified mail could not be made – in each case the verification does not.

The trial court finds: "[t]here is no dispute that Defendants *accurately represented* the process server's attempts to serve Plaintiffs."  (Order, RE 30, Pg ID # 531) (emphasis added).  The trial court is mistaken.  It is exactly Defendants' *representation* of the process server's attempts at service that Plaintiffs' dispute in this case.

---

[3] Wood (RE 1-2, Pg ID # 19); Wood (RE 1-3, Pg ID # 27); Ash (RE 1-4, Pg ID # 41); Korbinski (RE 1-5, Pg ID # 43); Prough (RE 1-6, Pg ID # 51); Babcock (RE 1-7, Pg ID # 59); Rulason (RE # 1-8, Pg ID # 67); White (RE 1-9, Pg ID # 75); Bryant (RE # 1-10, Pg ID # 83); and King (RE 1-11, Pg ID # 91).

## B.  The Conceptual Error.

There are such things a representations [4] and there are such things as facts. [5] The two are not the same.   If they were the same, there would be no such thing as a misrepresentation of fact.

The trial court's finding that Defendants made no misrepresentations indicates a possible misunderstanding of the relationship between the Defendants and the process server.  The process server, Ms. Goheen, is a private process server.  She is not a party, or attorney.  What she did was to make certain attempts to serve process by personal delivery and record those attempts in an affidavit or verified statement.  Her verification was her representation of what she did. Plaintiffs do not dispute the accuracy of the process server's verification.  She never said service could not be made under the rule.

## C.  The Defendants' *Representation* of the Process Server's Verification Is False.

Ms. Goheen's verification is the subject of Defendants' representation.  The trial court mistakenly assumes that if Ms. Goheen's statement is true, the Defendants' representation of her statement must be true.  That is not necessarily

---

[4] The first dictionary definition for the word "representation" is "1:  one that represents or is represented: such as a:  a likeness, picture, model, or other reproduction."  (Webster's Third New International Dictionary, Unabridged, s.v. "representation," accessed August 13, 2016, http://unabridged.merriam-webster.com.)
[5]  The first dictionary definition of the word "fact" is: "a thing done."  Webster's Third New International Dictionary, Unabridged, s.v. "fact," accessed August 14, 2016, http://unabridged.merriam-webster.com.

so because a fact and the representation of the fact are distinctly different things.

Defendants' representation -- that the verification shows service under the rule

could not be made -- turns out to be false when the verification is actually read.  A

fact (the thing done) has been misrepresented.

### D.  The Trial Court Applied the Wrong Standard Under 15 U.S.C. § 1692(e).

Defendants' representations of the process server's verifications are false.

However, that is not the end of it because, as stated by the trial court, "[t]he issue

then, is whether Defendants' representations . . . may be considered false,

misleading, or deceptive under 15 U.S.C. § 1692(e)."  (Emphasis added) (Order,

RE 30, Pg ID # 531).  The trial court believes that in order for a misrepresentation

in an ex parte court filing to be actionable under §1692(e) it must deceive the state

court. ("Plaintiffs have not identified any misrepresentations of fact that even

arguably misled the state court . . . ."  (Order, RE 30, Pg ID # 531))   However, §

1692(e) was not written to protect judges, it is for the protection of consumers.

> "To determine whether a debt collector's conduct runs afoul of the FDCPA,
> courts must view any alleged violation through the lens of the 'least
> sophisticated consumer'--the usual objective legal standard in consumer
> protection cases."

*Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 450 (6th Cir. 2014)

(internal quotation marks and citations omitted).

18

Courts have recognized "[i]n general, a complaint and attached affidavit act as both a message to the court and a message to the debtor." *Midland Funding LLC v. Brent*, 644 F.Supp.2d 961, 969-970 (N.D. Ohio 2009). Likewise, and logically, anything filed that affects a court's judgment is assumed to be directed to opposing parties as well as the court, even when the filing is ex parte. The statements in Defendants' certified motions are objectively false, even if the state court did not recognize the statements as false.

But the misrepresentation must also be material to be actionable.

"Only material violations of the § 1692e prohibitions will result in liability. *Wallace v. Washington Mut. Bank, F.A*., 683 F.3d 323, 326-27 (6th Cir. 2012). But materiality in the FDCPA context is no more than a restatement of the above-referenced standard: a false representation or act is material if it has the tendency to confuse the least sophisticated consumer. Id.

*Gillie v. Jones*, 785 F.3d 1091, 1107 (6th Cir. 2015)

Generally, material facts are ones which, if known, might influence a person's decision on a matter. *Midland Funding LLC v. Brent*, at 970. Courts have noted that judgments, in debt collection cases of these types, are usually default judgments. *Id.* Once Defendants serve the default or default judgment on the consumer, and ultimately when Defendants attach the property of the consumer, the consumer might reasonably be expected to read the court file to determine if there are improprieties in the manner the default was taken. Thus to an important extent the false statements were made to the Plaintiffs to discourage Plaintiffs from

attacking the default, or default judgement, and thereby making collection of the debt more likely.  The Amended Complaint alleges at sub-paragraph 23(f) that: "[f]orm MC 303 and form MC 01b were filed by Defendants for the purpose of making a challenge to a default judgment less likely and making collection of a debt more likely."  (Amended Complaint at ¶ 23(f), RE 14, Pg ID # 146).

Except when there is a lack of jurisdiction, Michigan Court Rules allow a default judgement to be set aside only if good cause is shown.

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

M.C.R. 2.603(D)(1).   Michigan courts have held that "[t]he good cause requirement . . . may be satisfied by demonstrating a procedural irregularity or defect or a reasonable excuse for failing to comply with the requirements that led to the default judgment."  *Bullington v Corbell,* 293 Mich App 549, 561; 809 NW2d 657 (2011). The relative levels of sophistication between the debt collection attorney and the consumer makes it easy for Defendants' misrepresentations to mislead the consumer to believe no irregularity in the proceeding has occurred. The least sophisticated consumer would be influenced by the misrepresentation to forgo a right to challenge the judgment.  The consumer losses something of value. Therefore the misrepresentations are actionable under 15 U.S.C. § 1692(e).

# ISSUE # III

**The Trial Court Erred in Applying the So Called "Process Server" Exemption to Defendants' Actions.**

In dismissing Plaintiffs' second count, presumably under Rule 12(b)(6), the trial court repeats its conclusion that no false representations of fact have been shown. "Because Plaintiffs have not shown that Defendants made any false, deceptive, or misleading representation of fact under 15 U.S.C. § 1692(e), their second claim also must be dismissed." (Order, RE 30, Pg ID # 531) Plaintiffs' claim, in their second count, that by publishing their names as debtors in the local newspapers Defendants publicly shamed Plaintiffs and violated the FDCPA. This count has little to do with whether the Defendants made false statements to obtain permission to publish. It has to do with the content of the publication regardless of how, or even if, WWR obtained permission to publish.

Following the above finding the trial court then, *sua sponte*, raises a new basis for dismissal, i.e. the "process server" exemption:

> It is undisputed that Defendants' alleged FDCPA violations arose in the course of their attempt to serve process on Plaintiffs in connection with state court actions to enforce alleged debts. While the term "debt collector" is defined broadly under the FDCPA, the definition specifically excludes the acts of "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." 15 U.S.C.A. § 1692a(6)(D).

(Order, RE 30, Pg ID # 532) This defense was not raised in Defendants' Motion to Dismiss or the Magistrate Report and Recommendation. Yet the trial court goes

on to conclude the statutory exemption is available to Defendants in a Rule

12(b)(6) challenge.  The trial court wrote:

> "Furthermore, the language of the notices published in the Houghton Lake
> Resorter was directed by the state court pursuant to its "Order[s] For Service
> by Publication/Posting and Notice of Action" issued and signed by the state
> court judge.  Defendants' notice publications pursuant to the court orders
> thus fall squarely within the process server exemption."

(Order, RE 30, Pg ID 532)

In reaching these conclusions, however, the trial court failed to give heed to

a basic principle of federal civil procedure: a plaintiff is not required to plead facts

necessary to defeat an affirmative defense. See *Frank v. Dana Corp.*, 646 F.3d

954, 963 (6th Cir. 2011).

### A.     The "Process Server" Exception is an Affirmative Defense.

The ordinary default rule is that a plaintiff bears the burden of proving his or

her claims.  However, a general rule of statutory construction provides that the

burden of proving justification or exemption under a special exception to the

prohibitions of a statute generally rests on one who claims its benefits.  *Schaffer ex*

*rel. Schaffer v Weast*, 546 U.S. 49, 56, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005).

Nothing in the FDCPA suggests that the "process server" exemption should not

follow the general rule of statutory construction.  The Amended Complaint set

forth sufficient facts to show Defendants are debt collectors under the general

terms of 15 USC 1692a(6).  Thus the exception in 15 USC 1692a(6)(D) is an

affirmative defense that must be pled by the Defendants.  For this reason alone the trial court's dismissal on these grounds should be reversed.

### B.      The Defendants Are Not Bono Fide Process Servers.

Plaintiffs contend Congress intended to exempt from liability only necessary actions taken while "serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt." *Id.*  Defendants' actions which violated the FDCPA were unnecessary.

Plaintiffs contend that, by publicly shaming Plaintiffs, the Defendants went "beyond being merely being a messenger ... and engage[d] in prohibited abusive or harassing activities to force an individual to repay a debt." See *Sykes v. Mel Harris and Associates, LLC*, 757 F.Supp.2d 413, 423 (S.D.N.Y. 2010). For that reason as well, Defendants, who are otherwise debt collectors, cannot claim the exemption's protections.

In *Alger v. Ganick, O'Brien & Sarin*, 35 F.Supp.2d 148 (D. Mass.1999) the court considered the defense of GOS, a debt collector, that it was exempt under the "process server" exemption from liability for the actions of the process server it directed.  The *Alger* court declined to follow that line of reasoning.  "Contrary to GOS' argument, however, the exemptions do not exclude the actions of third persons such as GOS who utilize these exempt individuals to violate the act." *Id.* 153.  In comparison, the trial court here exempts Defendants from liability for

actions they themselves took.   This is a result that is not defensible in light of the

purposes of the FDCPA.

The real question then is whether or not the actions of the Defendants

violated the FDCPA.  If the Defendants violated the FDCPA the "process server"

exemption is not an escape hatch.

### C.    The "Process Server" Exception Does Not Exempt Those Who Prepared the Order[s] for Service by Publication?

The trial court cited *Romea v. Heiberger & Assoc*., 163 F.3d 111 (2d Cir.

1998) which held that 15 U.S.C.A. § 1692a(6)(D) does not exempt "those who

prepared the communication that was served on the consumer."  *Id*. 117.

Plaintiffs' Amended Complaint, at paragraphs 26 and 27, alleged:

26. The orders for publication (form MC 307) which were prepared and
submitted by WWR attorneys to the 82nd District Court for signing, and
subsequently caused by WWR to be published, contained the names and
addresses of the Plaintiffs; that they were being sued to collect a debt, the
origin of the debt, and the amount of the debt.

27.    It was the WWR attorneys themselves, not the state court judge, who
composed the words on the forms MC 307 which WWR attorneys submitted
to the state court with the intent that they be published to the general public
in the Houghton Lake Resorter or the Ogemaw County Herald, as the case
maybe.  It was WWR, not the state court judge, who determined the content
of the published notices.

(Amended Complaint at ¶¶ 26-27, RE 14, Pg ID # 147)

### D.    Standard of Review

"In evaluating a motion to dismiss for failure to state a claim, we are required to accept as true all factual allegations in the complaint and to consider documents attached to or incorporated by reference in the complaint." *Id.* at 114. Despite Plaintiffs' factual allegations, that the Defendants prepared the orders for publication and submitted them to the state court for signing, the trial court found:

> "Furthermore, the language of the notices published in the Houghton Lake Resorter was directed by the state court pursuant to its "Order[s] For Service by Publication/Posting and Notice of Action" issued and signed by the state court judge." (RE 30, Pg ID # 533)

The trial court gave no further analysis, but apparently believes when a judge signs an ex parte order then, as a matter of law, the judge must have prepared the order. However, federal courts have recognized that orders are regularly prepared and presented to state courts for signing by persons not in the judicial branch and those persons are not necessarily immune from suit for damages caused by those orders. See *Reid v. Pautler*, 36 F.Supp.3d 1067, 1181-1182 (D.N.M. 2014).

### E.    Defendants Prepared the Orders for Publication.

Defendant WWR attached as an exhibit to its Objections to the Magistrate's Report and Recommendation a copy of a so called "Policy Letter" from the 82nd District Court.  The letter ostensibly from that court's clerk's office suggests that WWR submit a filled out form MC 307, Order for Service by Publication/Posting and Notice of Action, when they request alternate service.

> We have enclosed a copy of form MC 307 Order for Service by Publication/Posting and Notice of Action which must be signed by Judge Noble in conjunction with the granting of Alternate Service by publication. Please return the completed form for his signature.
>
> To expedite matters, you may wish to submit the completed MC307 with all future requests for Alternate Service. Denial of tacking and the addition of publication in The Houghton Lake Resorter will be the regular practice of the Court.

(WWR's Objection to Magistrate's R&R Exhibit A, RE 24-2, pg ID # 476). The "policy letter" from the 82nd District Court does not tell WWR what words to put in the form MC 307. It was Defendants' choice to prepare and submit an order for publication which disclosed the details of Plaintiffs' private debts.

If Plaintiffs' allegation that Defendants prepared the orders is taken as true, as it must, the Defendants are not entitled to the "process server" exception and are responsible for the words they put in the orders for publication and the damages those words caused Plaintiffs.

## ISSUE IV

**The Trial Court Erred in Determining Plaintiffs Did Not Allege Any Abusive, or Harassing Conduct.**

The FDCPA at 15 USC 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Id.* In dismissing Plaintiffs' second count, apparently under Fed. R. Civ. P. 12(b)(6), the trial court concludes

that "Plaintiffs have not identified any . . . abusive, harassing, or coercive

conduct." (Order, RE 30, Pg ID # 532).

### A. Defendants' Publications Invaded Plaintiffs' Privacy.

Plaintiffs contend that publication of their names, addresses, and the details

of their private debt in local newspapers of general circulation, as set out in Count

II, is abusive conduct under the FDCPA.

> "[T]he invasion of privacy," we recently explained, is "a core concern
> animating the FDCPA." *Douglass v. Convergent Outsourcing*, 765 F.3d 299,
> 303 (3d Cir. 2014); accord 15 U.S.C. 1692(a) (stating that unfair debt
> collection practices lead to, among other things, "invasions of individual
> privacy"). One way Congress addressed this concern was to "prohibit[] a
> debt collector from communicating with third parties about the consumer's
> debt." *Edwards v. Niagara Credit Solutions, Inc*., 584 F.3d 1350, 1353 (11th
> Cir. 2009) (citing § 1692c(b)). Legislative history indicates this prohibition
> was considered an "extremely important protection." S. Rep. 95-382, at 4
> (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

*Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 360 (3rd Cir. 2015).

In addressing instances where consumers may have brought suit for

technical and non-serious violations of the FDCPA this circuit has quoted at length

from *Jacobson v. Healthcare Fin. Servs., Inc.,* 434 F.Supp.2d 133, 139 (E.D.N.Y.

2006). See, *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th

Cir. 2007), and *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir.

2009).

*Jacobson* complains of a cottage industry that does not bring suits to remedy serious problems. *Jacobson* then goes on to list the really serious problems the FDCPA was intended to remedy. Among that list of prohibited actions worthy of law suits is: "disclosing a consumer's personal affairs to friends, neighbors, or an employer." The Defendants' publications do that and more. Compared to other debt collector actions condemned by courts in this circuit, "[t]his practice would cause at least as much improper public exposure as communicating with a consumer via post card or sending mail with a symbol other than the debt collector's address." *Currier v. First Resolution Investment Corp.*, 762 F.3d 529, 535 (6th Cir. 2014).

Not only have Plaintiffs pled facts sufficient to show Defendants prepared the orders for publication, Plaintiffs believe that if discovery is allowed evidence will show that Defendants could have published notices of action without revealing that Plaintiffs were being sued for collection of debts.

### B.    Defendants' Letter to the 34th Circuit Court.

There is evidence in the record that WWR knew that publishing the details of a consumer's private debts is a violation of the FDCPA, and that the notices of action could have been published without revealing plaintiffs were being sued on debts.

Plaintiff Wood filed a complaint for superintending control against the 82nd

District Court arising out of Midland's collection suits against her.  She served a

copy on Midland, as required by M.C.R. 3.302(E)(1).[6]  The court rule, *id.,* also

allowed Midland to file an answer to the superintending control complaint,[7] which

it did.  Midland, by WWR attorney, Jeffrey Bearss, filed an answer to Wood's

complaint in the form of a letter addressed to the judge of the Michigan 34th Circuit

Court (Exhibit A, Plaintiffs' Response to Motion to Dismiss, RE 19-2, Pg ID #

299).  Attorney Bearss' letter is remarkable considering that he was the attorney of

record in the Wood cases. [8]  Apparently without actually reading the files, attorney

Bearss writes, *inter alia*:

> "First, only the case caption is revealed in the order for publication.  The
> nature of the underlying suit is not being revealed in the publication.  Hence
> there is no publication here of the underlying indebtedness of the Defendant,

---

[6] M.C.R. 302(E)(1) Procedure for Superintending Control in Circuit Court.
*Complaint.* A person seeking superintending control in the circuit court must file a
complaint with the court. Only the plaintiff's name may appear in the title of the
action (for example, *In re Smith*). The plaintiff must serve a copy of the complaint
on the court or tribunal over which superintending control is sought. *If the
superintending control action arises out of a particular action, a copy of the
complaint must also be served on each other party to the proceeding in that court
or tribunal*.

[7] M.C.R. 302(E)(2) *Answer.* Anyone served under subrule (E)(1) may file an
answer within 21 days after the complaint is served.

[8]  See signature line on complaints filed in Midland Funding LLC v Suzette Wood,
82nd District Court file #15-293-GC (WWR Motion to Dismiss exhibit E, RE 15-6,
Pg ID # 215-216), and Midland Funding LLC v Suzette Wood,  82nd District Court
file #15-311-GC (WWR Motion to Dismiss exhibit E, RE 15-6, Pg ID # 229).

and therefore no violation of the FDCPA or the Michigan Act has occurred. 15 USCS § 1692d(3)."

Attorney Bearss effectively admits that Defendants understood that publishing the details of Plaintiffs' alleged underlying indebtedness would be a violation of the FDCPA.  Plaintiffs contend that Defendants' actions in publishing their names as debtors in local newspapers is sufficiently similar to the specific prohibition found in § 1692d(3), which prohibits publishing a list of consumers who allegedly refuse to pay debts, that dismissal of those claims as a matter of law must result from a misinterpretation of the statute.

For these reasons the trial court erred in finding Plaintiffs did not allege any harassing, oppressive or abusive conduct in violation of 15 USC 1692d.

## CONCLUSION

The district court's judgment dismissing the case should be reversed.


Respectfully submitted,                      /s/ Arvid Perrin
                                              Arvid Perrin
                                              Attorney for Plaitiffs/Appellants
                                              P.O. Box 1646
                                              Houghton Lake, MI 48629
                                              (313) 202-2242
                                              arvidperrin@yahoo.com

Dated: September 29, 2016

**CERTIFICATE OF COMPLIANCE WITH
TYPE-VOLUME LIMITATION, TYPEFACE
REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1. This brief complies with the type-volume limitation of FED. R. APP. P.

32(a)(7)(B) because the brief contains no more than 30 pages, excluding the parts

of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).


2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5)

and the type style requirements of FED. R. APP. P. 32(a)(6) because the brief has

been prepared in a proportionally spaced typeface using Microsoft Word 2010 in

plain, 14-point Times New Roman typeface; footnotes appear in plain, 14-point

Times New Roman typeface.

Dated: September 29, 2016          /s/ Arvid Perrin
                                  Arvid Perrin
                                  Attorney for Plaintiffs/Appellants
                                  P.O. Box 1646
                                  Houghton Lake, MI 48629
                                  (313) 202-2242
                                   arvidperrin@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on September s 29, 2016 I filed and served the

foregoing with the Court's appellate CM-ECF system. I certify that all participants

in the case are registered CM/ECF users and that service will be accomplished by

the CM/ECF system.

Dated:  September 29, 2016

/s/ Arvid Perrin
Arvid Perrin
Attorney for Plaintiffs/Appellants
P.O. Box 1646
Houghton Lake, MI 48629
(313) 202-2242
arvidperrin@yahoo.com

**ADDENDUM**

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

Pursuant to Sixth Circuit Rule 30(g), the following filings from the District Court's record are relevant documents:

| Document | Record Entry | Page ID # Range |
|---|---|---|
| Amended Complaint | 14 | 141-154 |
| WWR Motion to Dismiss | 15 | 155-186 |
| Response to Motion to Dismiss | 19 | 270-296 |
| Attorney Jeffrey Bearss' letter | 19-2 | 299-300 |
| WWR Reply to Response | 20 | 342-348 |
| Plaintiffs' Sur-reply | 21 | 352-358 |
| Magistrate Judge Report and Recommendation | 22 | 369-386 |
| Plaintiff Wood's Objection to Report and Recommendation | 23 | 392-406 |
| WWR Objection to Report and Recommendation | 24 | 463-473 |
| Policy letter from 82nd District Court | 24-2 | 476 |
| Midland Objection to Report and Recommendation | 25 | 491-498 |
| Wood's Reply to Defendants' Response to her Objection | 28 | 518-521 |
| Opinion Granting Motion to Dismiss | 30 | 524-534 |
| Notice of appeal | 33 | 543 |
|  |  |  |
|  |  |  |
|  |  |  |