NO: 16-2206

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

SUZETTE WOOD; DENISE ASH; EDWARD KORBINSKI;
DANIEL PROUGH; EDDIE BABCOCK; RUSSELL RULASON; TINA WHITE;
DAVID BRYANT; BARBARA KING

Plaintiffs-Appellants,

v.

MIDLAND FUNDING, LLC;
WELTMAN WEINBERG & REIS CO., LPA

Defendants-Appellees.

---

Appeal from the United States District Court for the
Eastern District of Michigan, Southern Division

---

**DEFENDANTS-APPELLEES' JOINT
BRIEF ON APPEAL**

**CERTIFICATE OF COMPLIANCE**

**CERTIFICATE OF SERVICE**

**DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

Theodore W. Seitz
Aaron L. Vorce
DYKEMA GOSSETT PLLC
201 Townsend Street, Suite 900
Lansing, MI 48933
Tel: (517) 374-9100
tseitz@dykema.com
avorce@dykema.com

*Attorneys for Encore Capital Group,
Inc., Midland Credit Management, Inc.
and Midland Funding, LLC*

Jeffrey C. Gerish
Jeffrey S. Hengeveld
PLUNKETT COONEY
38505 Woodward Ave, Suite 2000
Bloomfield Hills, MI  48304
Tel:  (248) 901-4031
jgerish@plunkettcooney.com
jhengeveld@plunkettcooney.com

*Attorneys for Weltman, Weinberg &
Reis, Co., LPA*

## <u>CORPORATE DISCLOSURE</u>

Pursuant to Sixth Circuit Rule 26.1, Defendant-Appellee Weltman,

Weinberg & Reis, Co., LPA. makes the following disclosures:

1.	*Is said party a subsidiary or affiliate of a publicly owned*

*corporation?*  No.

2.	*Is there a publicly owned corporation, not a party to the appeal that*

*has a financial interest in the outcome?*  No.

DATED:  November 9, 2016	/s/Jeffrey C. Gerish_____
	JEFFREY C. GERISH

## CORPORATE DISCLOSURE

Pursuant to Sixth Circuit Rule 26.1, Defendant-Appellee Midland Funding, LLC makes the following disclosures:

1.     *Is said party a subsidiary or affiliate of a publicly owned corporation?*  Yes.  Encore Capital Group, Inc., parent corporation.

2.     *Is there a publicly owned corporation, not a party to the appeal that has a financial interest in the outcome?*  No.

DATED:  November 9, 2016                    /s/Aaron L. Vorce
                                                             AARON L. VORCE

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................. iii

STATEMENT REGARDING ORAL ARGUMENT ................................................ 1

COUNTER-STATEMENT OF QUESTIONS PRESENTED ................................... 2

COUNTER-STATEMENT OF THE CASE ............................................................. 3

    A.  Nature of the case. .............................................................................. 3

    B.  Counter-statement of material facts .................................................. 4

        1.  The underlying collection actions in the 82nd District Court. ............................................................................................ 4

        2.  Plaintiff Suzette Wood's ex parte motion to vacate order of publication and her complaint for superintending control over the judge at the 82nd District Court. ........................................................................... 6

        3.  Plaintiffs' claims in the instant case. ........................................... 9

SUMMARY OF ARGUMENT ...........................................................................10

ARGUMENT I ...................................................................................................11

        THE DISMISSAL OF COUNTS I AND II OF PLAINTIFFS' COMPLAINT IS PROPERLY AFFIRMED UNDER THE *ROOKER-FELDMAN* DOCTRINE ....................11

    A.  The district court applied the correct standard of review when it dismissed plaintiffs' count i under the *Rooker-Feldman* doctrine. ................................................................19

    B.  A request to set aside the state court orders is not a prerequisite for applying the *Rooker-Feldman* doctrine. ......................22

    C.  Plaintiffs' contention that the state court's orders for service by publication were merely permissive is false. ......................24

    D.  Count II of Plaintiffs' Complaint is properly dismissed on *Rooker-Feldman* grounds. ......................................................25

ARGUMENT II ..................................................................................................27

        THE DISMISSAL OF COUNTS I AND II OF PLAINTIFFS' COMPLAINT IS PROPERLY AFFIRMED SINCE NEITHER COUNT STATES A CLAIM ....................27

A.  Standard of review.................................................................27

B.  To violate section 1692e, a statement must be false or
    misleading, material, and made in connection with an
    attempt to collect a debt...................................................28

C.  Application. ........................................................................31

    1.  Defendants' alleged statements on the court forms
        were not false or misleading...........................................32

    2.  The alleged statements are not material. ...............................36

    3.  The statements on the forms were not made in
        connection with debt collection activities............................37

CONCLUSION ....................................................................................39

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM – DESIGNATION OF RELEVANT DISTRICT COURT
DOCUMENTS

## TABLE OF AUTHORITIES

### Cases

*3D Sys. v. Envisiontec, Inc.,*
   575 F. Supp. 2d 799 (E.D. Mich. 2008)........................................................ 19

*Abbott v. Michigan*,
   474 F.3d 324 (6th Cir. 2007) ..................................................... 13, 23, 24, 26

*American Telecom Co., L.L.C. v. Republic of Lebanon*,
   501 F.3d 534 (6th Cir. 2007) ........................................................................ 19

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .................................. 27, 28

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .................................. 27, 28

*Berry v. Schmitt*,
   688 F.3d 290 (6th Cir. 2012) ................................................................ 13, 23

*Blackburn v. Fisk Univ.*,
   443 F.2d 121 (6th Cir. 1971) ........................................................................ 21

*Carrier Corp. v. Outokumpu Oyj*,
   673 F.3d 430 (6th Cir. 2012) ........................................................................ 19

*Clark v Lender Processing Services,*
   562 F. Appx. 460 (6th Cir. 2014).......................................................... 30, 37

*Coles v. Granville*,
   448 F.3d 853 (6th Cir. 2006) ................................................................ 12, 18

*Dist. of Columbia Court of Appeals v. Feldman*,
   460 U.S. 462 (1983)........................................................................................ 16

*Donohue v. Quick Collect, Inc.*,
   592 F.3d 1027 (9th Cir. 2010) ...................................................................... 30

*Fed. Home Loan Mortgage Corp. v. Lamar*,
   503 F.3d 504 (6th Cir. 2007) ........................................................................ 29

*Fradco, Inc. v. Dep't of Treasury*,
   495 Mich. 104; 845 NW2d 81 (2014) .......................................................... 24

*Gburek v. Litton Loan Serve, LP*,
   614 F.3d 380 (7th Cir. 2010) ........................................................................ 29

*Goodson v. Bank of Am, NA*,
  600 F. Appx. 422 (6th Cir. 2015)...................................................................... 38

*Grden v. Leikin, Ingber & Winters, PC*,
  642 F.3d 169 (6th Cir. 2011) ...............................................................29, 37, 38

*Hahn v. Triumph Partnerships, LLC*,
  557 F.3d 755 (7th Cir. 2009) ........................................................................ 30

*Hall v. Callahan*,
  727 F.3d 450 (6th Cir. 2013) ...............................................................12, 16, 18

*Hammer v. City of Sun Valley*,
  No. 1:13-CV-00211-EJL, 2014 U.S. Dist. LEXIS 83143, at *9
  (D. Idaho June 17, 2014)............................................................................... 22

*Harvey v. Great Seneca Financial Corp.*,
  453 F.3d 324 (6th Cir. 2006) ........................................................................ 29

*In re Squire*,
  617 F.3d 461 (6th Cir. 2010) ........................................................................ 12

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*,
  559 U.S. 573, 130 S. Ct. 1605, 176 W. Ed.2d 519 (2010) ...................................... 29

*Johnson v. White*,
  430 Mich. 47; 420 N.W.2d 87 (1988)............................................................... 24

*Kaempe v. Myers*,
  367 F.3d 958 (D.C. Cir. 2004) ....................................................................... 22

*Kropelnicki v Siegel*,
  290 F.3d 118 (2d Cir. 2002)........................................................................... 28

*Lawrence v. United States*,
  597 F. App'x 599 (11th Cir. 2015)................................................................... 21

*McCormick v. Braverman*,
  451 F.3d 382 (6th Cir. 2006) ...................................................................13, 23

*Milijkovic v. Shafritz and Dinkin, PA*,
  791 F.3d 1291 (11th Cir. 2015)...................................................................... 34

*Miller v. Javitch, Block & Rathbone*,
  561 F.3d 588 (6th Cir. 2009) ...............................................................30, 35, 37

*Murphy v. Natl City Bank*,
  560 F.3d 530 (6th Cir. 2009) ........................................................................ 25

*People v. Lockridge,*
498 Mich. 358; 870 N.W.2d 502 (2015) ................................................................. 24

*RMI Titanium Co. v. Westinghouse Electric Corp.,*
78 F.3d 1125 (6th Cir. 1996) ........................................................................... 19, 20

*Robbennolt v. Washington,*
626 F. App'x 155 (6th Cir. 2015) ............................................................................ 13

*Rooker v. Fidelity Trust Co.,*
263 U.S. 413 (1923) ................................................................................................ 16

*Scheuer v. Jefferson Capital Systems, LLC,*
43 F. Supp. 3d 772 (E.D. Mich. 2014) ............................................................... 36, 37

*Sprewell v. Golden State Warriors,*
266 F.3d 979 (9th Cir. 2001) .................................................................................. 22

*United States v. Ritchie,*
15 F.3d 592 (6th Cir. 1994) ............................................................................... 19, 20

*Wallace v. Wash Mut. Bank FA,*
683 F.3d 323 (6th Cir. 2012) ............................................................................ 30, 36

*Ziegler v. IBP Hog Mkt., Inc.,*
249 F.3d 509 (6th Cir.2001) ................................................................................... 27

**Statutes**

15 U.S.C. § 1692 ................................................................................................... 3, 34

15 U.S.C. § 1692d(3) ................................................................................................ 8

15 U.S.C. § 1692e ....................................................... 11, 28, 29, 30, 34, 35, 36

M.C.L. 445.252(I) .................................................................................................... 8

**Rules**

Fed. R. Civ. P. 12(b)(1) ....................................................................................... 19, 20

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 27

M.C.R. 2.105 ........................................... 5, 7, 11, 15, 16, 17, 18, 19, 25, 31, 32, 33, 35

M.C.R. 2.105(A)(1) ......................................................................... 11, 16, 32, 34

M.C.R. 2.105(A)(2) ......................................................................... 11, 16, 33, 34

M.C.R. 2.105(I) ................................................................................. 7, 16, 34

M.C.R. 2.105(I)(a) ................................................................................................ 33

v

## **Other Authorities**

S. Rep. No. 95-382, at 2 (1977), reprinted in 1977
   U.S.C.C.A.N. 1695, 1696) ...................................................................................... 28

## **STATEMENT REGARDING ORAL ARGUMENT**

Defendants-Appellees Weltman, Weinberg & Reis Co., L.P.A. ("Weltman") and Midland Funding, LLC ("Midland Funding") (collectively "Defendants") request oral argument as it might facilitate the decisional process, particularly in the event the Court has questions of the parties regarding their positions.

## **COUNTER-STATEMENT OF QUESTIONS PRESENTED**

I.

SHOULD THIS COURT AFFIRM THE DISMISSAL OF PLAINTIFFS'
COMPLAINT UNDER THE *ROOKER-FELDMAN* DOCTRINE?

II.


SHOULD THIS COURT AFFIRM THE DISMISSAL OF PLAINTIFFS'
COMPLAINT BECAUSE IT FAILS TO STATE A CLAIM AS AGAINST
DEFENDANTS?

## COUNTER-STATEMENT OF THE CASE

**A.    Nature of the case.**

Plaintiffs filed this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA"), alleging that Midland Funding, to whom Plaintiffs owed money, and its lawyers violated the FDCPA by filling out and filing Michigan court-approved forms reporting unsuccessful efforts at personal service of underlying complaints on Plaintiffs, and asking permission to provide substitute service.  Nothing set forth by Defendants on those forms related to Plaintiffs' debts.  But Plaintiffs claim information regarding the debts was caused to be revealed when the Michigan court presiding over the underlying actions ordered substituted service by way of publication in a newspaper.

Defendants moved to dismiss Plaintiffs' First Amended Complaint ("Complaint"; R.E. 14), the operative pleading, in lieu of a responsive pleading, asserting several grounds in support of the motion.  (R.E. 15, Page ID # 155-254).  Defendants argued that the Complaint failed to state a cause of action, that the Complaint is barred by res judicata, collateral estoppel, or both, and that the district court, at a minimum, should dismiss on the grounds of *Rooker-Feldman* abstention.  The motions were first submitted to Magistrate Morris, who granted partial but not complete relief.  (R.E. 22, Page ID # 369-

386).  Defendants objected to the recommendation insofar as it allowed any part of the Complaint to survive.  (R.E. 24, Page ID # 463-490).  The district court, Judge Ludington, sustained Defendants' objection and ordered that the Complaint be dismissed in its entirety.  The district court dismissed Count I of the Complaint based on *Rooker-Feldman* Abstention, Count II based on a failure to state a claim, and Count III, a state law count, by declining to exercise supplemental jurisdiction.  (R.E. 30, Page ID #524-534).  Thereafter, Plaintiffs appealed to this Court.  (R.E. 33, Page ID # 543).

**B.    Counter-statement of material facts.**

**1.    The underlying collection actions in the 82nd District Court.**

Plaintiffs incurred consumer debts that they failed to repay.  (R.E. 14, First Amended Complaint, ¶9, Page ID # 143).  As a consequence, Weltman filed the Collection Complaints in the 82nd District Court on behalf of Midland Funding and other non-party creditors against each Plaintiff individually.  (*Id.* ¶9).  Weltman used independent process servers to attempt to have Plaintiffs personally served with the summons and Collection Complaints.

After personal service could not be effectuated, Weltman filed motions for alternate service in each of those cases and utilized the form motion approved by the State Court Administrator's Office, titled "Motion and Verification for Alternate Service" ("Form MC 303").  (R.E. 14, ¶14, Page ID #

4

144).  The first paragraph of Form MC 303 states: "1. Service of process upon [name of individual] cannot reasonably be made as otherwise provided in MCR 2.105, as shown in the following verification process server."  (R.E. 14, ¶16, Page ID # 145).  In each case, Weltman attorneys attached to Form MC 303 verification from the independent process servers that detailed the various unsuccessful attempts to serve Plaintiffs with the summons and Collection Complaints.  (*Id.*, ¶17).  In each case, Weltman attorneys also attached to Form MC 303 a U.S. Postal Service verification of postal address for each Plaintiff.  (*Id.*, ¶ 18).

Notably, the Form MC 303 motions do not make a request for a specific method of alternate service; they simply set forth a contention that service was not achieved, for the reasons set forth in the separate verification of the process servers who attempted it.

In each case, Weltman also filed motions for second summons and order using Form 01b, in which Weltman attorneys stated that "diligent attempts have been made to personally serve process on the defendant; however, the defendant has either moved, is evading service, or other [space left blank]." (R.E. 14, ¶21, Page ID # 145).

In each case, the 82nd District Court issued Orders Regarding Alternate Service on Form MC 304 and Orders for Service by Publication/Posting and

Notice of Action on Form MC 307, which ordered that a copy of the contents of the order be published for three consecutive weeks in the respective local newspaper. (R.E. 14, ¶25, Page ID # 147). The Orders for Service by Publication/Posting and Notice of Action contained the name and addresses of the Plaintiffs, that they were being sued to collect a debt, the name of the original creditor, and the amount of the debt. (*Id.*, ¶26).

In each case, Weltman complied with the orders for alternate service and service by publication, made the required publication, and thereafter litigated the case to a final order.

### 2. Plaintiff Suzette Wood's ex parte motion to vacate order of publication and her complaint for superintending control over the judge at the 82nd District Court.

In the underlying collection case against Plaintiff Suzette Wood ("Wood"), *Midland v. Wood*, 82nd District Court Case No. 15-311-GC, Wood, who was represented by the same counsel as in the instant case, filed an Acknowledgment of Alternate Service by Publication, an *Ex Parte* Motion to Vacate Order for Publication, and an Answer to Midland's Complaint. (R.E. 15-2, Exhibit A, Page ID # 190-192). In her *Ex Parte* Motion to Vacate Order for Publication, Wood argued that Midland's motion for alternate service included a verification from the process server regarding the attempts at personal service, but no indication that service by registered or certified mail was

6

attempted or would be futile.  (R.E. 15-2, Exhibit A, ¶6, Page ID # 190).  Wood

argued that the 82nd District Court therefore abused its discretion by ordering

alternate service by publication pursuant to M.C.R. 2.105(I) because it did not

have sufficient facts to show that service of process could not be made under

M.C.R. 2.105 through registered or certified mail.  (R.E. 15-2, Exhibit A, ¶5,

Page ID # 190).  On August 31, 2015, the 82nd District Court granted Wood's

*Ex Parte* Motion and issued an *Ex Parte* Order Vacating Order For Publication.

(R.E. 15-3, Exhibit B, Page ID # 193-195).

On September 15, 2015, Wood filed a Complaint for Superintending

Control Over the Judge of the 82nd District Court in the Roscommon County

Circuit Court ("Complaint for Superintending Control"). (R.E. 15-4, Exhibit C,

Page ID # 196-198).  Wood alleged that the judge in the 82nd District Court has

established a "continuing practice" of issuing orders for alternate service on

individuals in violation of the judicial discretion contained in M.C.R. 2.105(I).

(*Id.*, ¶1, Page ID # 197).  The alleged abuse of discretion was ordering

alternate service when there was no showing of any attempt at service by

registered or certified mail or that the postal address of a defendant is

unknown.  (*Id.*, ¶2, Page ID # 197).  Wood also alleged that it was a common

practice for the 82nd District Court to include in its orders for service of

process by publication that the publication was to include the defendant's

name, address, that the defendant is being sued on a debt, and the amount of

the debt.  (*Id.,* ¶ 3, Page ID # 197).  Wood also asserted that:

> As a result of the continuing practice, the judge of the 82nd
> District Court has unlawfully facilitated violations of the
> Federal Fair Debt Collection Practices Act, Sec. 806(3), which
> prohibits: "[t]he publication of a list of consumers who
> allegedly refuse to pay debts, except to a consumer reporting
> agency or to persons meeting the requirements of section
> 1681a(f) or 1681b(3) of this title."  See 15 U.S.C. Sec.
> 1692d(3).  Further, such publication is prohibited under the
> Michigan Regulation of Collection Practices Act which
> prohibits: "[p]ublishing, causing to be published, or
> threatening to be published lists of debtors, except for credit
> reporting purposes, when in response to a specific inquiry
> from a prospective credit grantor about a debtor."  See M.C.L.
> 445.252(I).

(*Id.*, ¶4, Page ID # 197-198).

Wood claimed that "[t]he erroneous Orders for Publication issued by

the judge of the 82nd District Court" themselves were damaging to consumer

defendants, and asked the Circuit Court to issue an order directing the (lower)

district court to cease issuing such Orders for Publication. (R.E. 15-4, ¶9, Page

ID # 198).  Wood moved for summary disposition on her Complaint for

Superintending Control.  (R.E. 15-5, Exhibit D, Page ID # 199-207), which the

82nd District Court opposed. (R.E. 15-6, Exhibit E, Page ID # 208-252).

On November 12, 2015, the Roscommon County Circuit Court issued an

Order Regarding Summary Disposition that denied Wood's motion for

summary disposition and granted summary disposition in favor of the 82nd

District Court.  (R.E. 15-7, Exhibit F, Page ID # 253-254).

### 3.   Plaintiffs' claims in the instant case.

On December 1, 2015, Plaintiffs filed the instant case alleging that

Weltman made false statements in its motions for alternate service and

motions for second summons regarding its attempts to effectuate service, and

that Weltman composed the language of the orders for alternate service and

for service by publication that the district court later signed.  Wood claims

that these actions violate various provisions of the Fair Debt Collection

Practices Act.

## SUMMARY OF ARGUMENT

The district court correctly dismissed Counts I and II of Plaintiffs' complaint in a cogent, well-reasoned opinion. The court dismissed Count I on grounds of *Rooker-Feldman* abstention, and Count II for failure to state a claim. The dismissal of *each* count is properly affirmed *either* on grounds of *Rooker-Feldman* abstention or for failure to state a claim.

First, both of Plaintiff's FDCPA claims are properly dismissed on grounds of *Rooker-Feldman* abstention. Any injury Plaintiffs sustained was the product of the state court's orders, and the federal district court would be unable to determine the source of the injury without reference to the requests for relief in those underlying cases. As the district court correctly concluded, the injuries allegedly sustained by Plaintiffs were due to legal determinations the state court made, and publications undertaken in compliance with those court orders. None of Plaintiffs' arguments on appeal has any merit.

Second, the Complaint fails to state a claim. Defendants' action of filling out and filing forms accurately reflecting steps taken to effectuate personal service, combined with a request for an order allowing alternate service, does not amount to a materially false or misleading statement made in connection with collection activities. Indeed, it is none of those things: the statements on the forms are not 1) false or misleading; 2) material; or 3) made in connection

10

with collection activities as that concept is applied.  And the issuance of an

order by a court can hardly be deemed to represent the statement of a party

who drafts it.

Accordingly, for the reasons set forth either in Argument I or Argument

II, this Court should affirm.

## ARGUMENT I

### THE DISMISSAL OF COUNTS I AND II OF PLAINTIFFS' COMPLAINT IS PROPERLY AFFIRMED UNDER THE *ROOKER-FELDMAN* DOCTRINE

Plaintiffs' Count I alleged that Defendants violated 15 U.S.C. § 1692e,

which provides that "[a] debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any

debt."  *Id.*  Specifically, Plaintiffs alleged:

(1)    Weltman's motions for alternate service made on the State of Michigan form MC 303 falsely stated that "[s]ervice of process upon [Plaintiffs] cannot reasonably be made as otherwise provided in M.C.R. 2.105, as shown in the following verification of process server;" and

(2)    Weltman's motions for second summonses made on the State of Michigan form MC 01b falsely stated that "diligent attempts have been made to personally serve process on the defendant."[1]

---

[1] Under the Michigan Court Rules, serving process "personally" is separate and distinct from service by "registered or certified mail."  *See* M.C.R. 2.105(A)(1) and  (2).  The form MC 01b forms Weltman filed in each case specifically state: *(cont'd on next page)*

(*Am.* Cmplt., R.E. 14, Page ID # 145, ¶ 16, 20-21; *see also* Opinion, R.E. 30, Page
ID # 530-31).

The District Court properly dismissed Plaintiffs' Count I as barred by the
*Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine concerns the subject-
matter jurisdiction of the district court.  *In re Squire*, 617 F.3d 461, 465 (6th
Cir. 2010).  "The *Rooker-Feldman* doctrine 'prevents a federal court from
exercising jurisdiction over a claim alleging error in a state court decision.'"
*Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013).  "Appellate review—the
type of judicial action barred by *Rooker-Feldman*—consists of a review of the
proceedings already conducted by the 'lower' tribunal to determine whether it
reached its result in accordance with law."  *Id.*  (quoting *Coles v. Granville*, 448
F.3d 853 (6th Cir. 2006)).

---

"diligent attempts have been made to **personally** serve process . . ." (*See*
Motions for Second Summonses, R.E. 1-2, Page ID # 22; R.E. 1-3, Page ID # 30;
R.E. 1-4, Page ID # 38; R.E. 1-5, Page ID # 46; R.E. 1-6, Page ID # 54; R.E. 1-7,
Page ID # 62; R.E. 1-8, Page ID # 70; R.E. 1-9, Page ID # 78; R.E. 1-10, Page ID #
86; R.E. 1-11, Page ID # 94) (emphasis added).  There is no dispute that WWR
attempted to personally serve each Plaintiff.  (Appellants' Brief at 3 ("In each
of Plaintiffs' state court cases, the Defendants had attempted service by
personal delivery . . ."); Opinion, R.E. 30, Page ID # 531 ("There is no dispute
that Defendants accurately represented the process server's attempts to serve
Plaintiffs.").  Indeed, because the statements Defendants made were not false
or misleading, Plaintiffs' Complaint fails to state a claim under the FDCPA, as
set forth in Argument II.

In order to determine whether the Plaintiffs' Complaint seeks appellate review of a state court decision or asserts an independent claim for relief, the court must examine "the source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir. 2006). "*Rooker-Feldman* focuses on whether the state court decision caused the injury," and the "court cannot determine the source of the injury without reference to the plaintiff's request for relief." *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012). With regard to the plaintiffs' alleged injury, this Court recently held:

> So long as the plaintiff's injury arises from the state court's judgment, the doctrine applies. *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007). Even injuries caused by third-party actions . . . are beyond federal review, provided that they "are the product[s] of a state court judgment." *Id.* at 329 (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)). Challenging such actions "challenge[s] . . . the [state-court] judgment itself." *Id.*

*Robbennolt v. Washington*, 626 F. App'x 155, 157 (6th Cir. 2015).

Here, the relevant facts for the *Rooker-Feldman* analysis are set forth in Plaintiffs' Amended Complaint and the Exhibits referenced therein (*See* Amended Complaint, R.E. 14, Page ID # 143-44, ¶ 10-11), which were attached as exhibits to Plaintiffs' Complaint:

- Weltman attempted to personally serve the underlying state court summonses and complaints on each of the Plaintiffs at their home addresses by hand delivery via a process server

13

on multiple occasions.  (*See* Verifications of Process Server, R.E. 1-2, Page ID # 20; R.E. 1-3, Page ID # 28; R.E. 1-4, Page ID # 36; R.E. 1-5, Page ID # 44; R.E. 1-6, Page ID # 52; R.E. 1-7, Page ID # 60; R.E. 1-8, Page ID # 68; R.E. 1-9, Page ID # 76; R.E. 1-10, Page ID # 84; R.E. 1-11, Page ID # 92).

- After these multiple, failed attempts at personal service via hand delivery, Weltman filed motions for alternate service in each case.  (*See* Motions for Alternate Service, R.E. 1-2, Page ID # 19-20; R.E. 1-3, Page ID # 27-28; R.E. 1-4, Page ID # 35-36; R.E. 1-5, Page ID # 43-44; R.E. 1-6, Page ID # 51-52; R.E. 1-7, Page ID # 59-60; R.E. 1-8, Page ID # 67-68; R.E. 1-9, Page ID # 75-76; R.E. 1-10, Page ID # 83-84; R.E. 1-11, Page ID # 91-92).

- There is no dispute that, in each of its motions for alternate service, Weltman truthfully and accurately represented to the state court the exact facts regarding Weltman's attempts at service—i.e., specifically setting forth each attempt to personally serve via hand delivery.  (*Id*.; *see also* Appellants' Brief at 3 ("In each of Plaintiffs' state court cases, the Defendants had attempted service by personal delivery . . ."); Opinion, R.E. 30, Page ID # 531 ("There is no dispute that Defendants accurately represented the process server's attempts to serve Plaintiffs.").

- Presented with these undisputed and accurate facts regarding Weltman's attempts to serve each summons and complaint via hand delivery on multiple occasions, the state court entered orders for alternate service and orders for service by publication in each case.  (*See* Orders for Alternate Service and Orders for Service by Publication, R.E. 1-2, Page ID # 23-24; R.E. 1-3, Page ID # 31-32; R.E. 1-4, Page ID # 39-40; R.E. 1-5, Page ID # 47-48; R.E. 1-6, Page ID # 55-56; R.E. 1-7, Page ID # 63-64; R.E. 1-8, Page ID # 71-72; R.E. 1-9, Page ID # 79-80; R.E. 1-10, Page ID # 87-88; R.E. 1-11, Page ID # 95-96).

- Based on the undisputed and accurate facts regarding the attempted personal service in each case, the state court

14

made express findings in each of its orders that: "Service of process upon [each respective Plaintiff] cannot reasonably be made as provided in M.C.R. 2.105." (*See* Orders for Service by Publication, *supra*).

- Each of the state court's orders for service by publication stated: "A copy of this order **shall** be published once each week in [Houghton Lake Resorter or the Ogemaw County Herald] for three consecutive weeks, and proof of publication **shall** be filed in this Court." (*See* Orders for Service by Publication, *supra*) (emphasis added).

- Plaintiffs alleged that Defendants violated the Fair Debt Collection Practices Act by "publishing in the newspapers the Plaintiffs' names, addresses, amount of debt and their original creditors which the state court permitted them to do after Weltman attorneys falsely swore that there was no other way to serve Plaintiffs." (Amended Complaint, R.E. 14, Page ID # 151, ¶ 33).

- Plaintiffs also alleged that they were injured by the publications in the newspapers, and they expressly requested injunctive relief "prohibiting Defendants [from] using alternative service of process by publication in the State of Michigan in cases requiring personal jurisdiction, or as otherwise fashioned by the court to avoid future violation of the FDCPA." (Amended Complaint, R.E. 14, Page ID # 152).

- Plaintiff Wood also conceded in her Objection to the Magistrate's Report and Recommendation, that the state court's order for alternate service was the source of her injuries. Specifically, Plaintiff Wood admitted that the *ex parte* motion she filed in the state court to vacate the state court's order for alternate service "was an attempt to mitigate damages." (Plaintiffs' Objections, R.E. 23, Page ID # 399).

The District Court applied this Court's *Rooker-Feldman* framework to these undisputed facts, all of which Plaintiffs incorporated into their pleadings, and held:

> Plaintiffs do not challenge any of the representations made by the process server regarding her attempts to personally serve Plaintiffs. . . . Defendants did not represent to the state court that they had made any attempt to serve Plaintiffs by registered or certified mail. Accordingly, Defendants did not make any false or misleading representations of fact to the state court regarding their actual attempts to serve the various Plaintiffs. . . .
>
> Plaintiffs' claim that Defendants' representations were false, misleading, or deceptive is based on Plaintiffs' legal conclusion that the language of the Michigan Court Rule requires an attempt at personal service under M.C.R. 2.105(A)(1) and an attempt at service through registered or certified mail under M.C.R. 2.105(A)(2) before a court may permit alternative service under M.C.R. 2.105(I). The alleged misrepresentations by Defendants are thus based upon Plaintiffs' interpretation of the Court rule, and Plaintiffs do not allege that Defendants made any misrepresentation of fact. There is no dispute that Defendants accurately represented the process server's attempts to serve Plaintiffs. The state court thus had the ability to independently review Defendants' attempts at service, and to determine whether Defendants had satisfied their burden for obtaining alternate service under M.C.R. 2.105(I). The state court determined that they had.
>
> "Federal district courts do not stand as appellate courts for decisions of state courts." *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 (1983). "The Rooker–Feldman doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotations and citation omitted). Because Plaintiffs have not identified any misrepresentations of fact that even arguably misled the state court in reaching this legal

16

> determination, the source of Plaintiffs' alleged injuries is the state court decisions ordering alternative service by publication. Defendants' motion to dismiss will thus be granted as to Plaintiffs' first claim.

(Opinion, R.E. 30, Page ID # 530-31).

The District Court's holding was correct in all respects. Weltman's motions for alternate service in the state court actions, which were made using the Michigan Supreme Court's approved form, stated: "Service of process upon [each respective Plaintiff] cannot reasonably be made as otherwise provided in M.C.R. 2.105, **as shown in the following verification of process server**." (*See* Motions for Alternate Service, *supra*) (emphasis added). Based on the state court filings Plaintiffs incorporated into their pleadings, there is no dispute that each verification of process server attached to Weltman's motions truthfully and accurately detailed each attempt at personal service via hand delivery. (*Id.*). The state court then, as it was required to do under Michigan law, reviewed those undisputed and accurate facts regarding personal service via hand delivery and made legal determinations regarding whether service could reasonably be made under M.C.R. 2.105. In each case, the state court made the legal determination that service could not reasonably be made under M.C.R. 2.105. Indeed, each order specifically stated:

> **THE COURT FINDS**: Service of process upon [each respective Plaintiff] cannot reasonably be made as provided in M.C.R. 2.105 and service of process may be made in a manner that is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

(*See* Orders for Alternate Service and Orders for Service by Publication,

*supra*).

Plaintiffs' claims hinge on the allegation that it was false in each of their cases that service could not reasonably be made as provided in M.C.R. 2.105. In other words, if it is true in each of their cases that service could not reasonably be made as provided in M.C.R. 2.105, then they have no claim that alternate service was improper. In each of their cases, however, the state court made express findings in its orders that "[s]ervice of process upon [each respective Plaintiff] cannot reasonably be made as provided in MCR 2.105." (*See* Doc. 1-2 through 1-11).

No matter how Plaintiffs attempt to characterize their claims, they clearly are "alleging error in a state court decision" and are asking for a "review of the proceedings already conducted by the 'lower' tribunal to determine whether it reached its result in accordance with law." *Hall*, 727 F.3d at 453 (quoting *Coles*, 448 F.3d at 858). Indeed, the source of Plaintiffs' injuries are the state court's orders for alternate service, in which the state court made express findings that service could not reasonably be made under

M.C.R. 2.105 and ordered mandatory service by publication.  (*See* Amended

Complaint, R.E. 14, Page ID # 151, ¶ 33, Page ID # 151; Plaintiffs' Objections,

R.E. 23, Page ID # 399).  Thus, the *Rooker-Feldman* doctrine bars Plaintiffs'

claims.

**A.    The district court applied the correct standard of review when it dismissed plaintiffs' count i under the *Rooker-Feldman* doctrine.**

Plaintiffs contend that the District Court applied the incorrect standard

of review when it dismissed Count I under the *Rooker-Feldman* doctrine.

Plaintiffs are incorrect. A motion brought under Fed. R. Civ. P. 12(b)(1) for

lack of subject-matter jurisdiction "is always a threshold determination."

*American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir.

2007) (citation omitted).  Generally motions to dismiss for lack of subject-

matter jurisdiction fall into two categories: facial attacks and factual attacks.

*3D Sys. v. Envisiontec, Inc.*, 575 F. Supp. 2d 799, 803 (E.D. Mich. 2008) (quoting

*RMI Titanium Co. v. Westinghouse Electric Corp.,* 78 F.3d 1125, 1134 (6th Cir.

1996)).  *See also United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994);

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012).  A facial

attack challenges the sufficiency of the pleading itself.  On such a motion, the

court must take all of the material allegations in the complaint as true and

construe them in the light most favorable to the non-moving party.  *Id.*  In

contrast, a factual attack challenges the factual existence of subject-matter jurisdiction. *Id.*

Irrespective of which category an attack on subject-matter falls, this Court has made clear that "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598 (6th Cir. 1994). See *RMI Titanium Co. v. Westinghouse Electric Corp.,* 78 F.3d 1125. 1134 (6th Cir. 1996). In any event, when a defendant challenges subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. See *RMI Titanium Co. v. Westinghouse Electric Corp.,* 78 F.3d 1125. 1134 (6th Cir. 1996).

Here, with regard to the *Rooker-Feldman* analysis, the District Court considered the undisputed facts presented in Plaintiffs' own pleadings, including all of the relevant state court filings, which Plaintiffs incorporated into their pleadings as exhibits. Based on these undisputed facts, the District Court correctly concluded that Plaintiffs' Count I did not actually concern misrepresentations Defendants made to the state court, but rather, it concerned the legal determinations the state court made in its orders for alternate service and publication based on the accurate facts Weltman

presented to the state court.  (Opinion, R.E. 30, Page ID # 530-31).  Thus, the District Court correctly concluded *Rooker-Feldman* barred Plaintiffs' Count I.

Plaintiffs incorrectly contend the District Court was required to accept as true Plaintiffs' conclusory allegations that Defendants made misrepresentations of fact, even though those allegations were squarely contradicted by the state court filings attached as exhibits to Plaintiffs' pleadings.  This is not the correct legal standard. Regardless of whether Defendants' motion was a facial or a factual attack on subject-matter jurisdiction, the District Court was not required to accept as true Plaintiffs' conclusory allegations that were contradicted by the actual state court filings attached to Plaintiffs' pleadings.  *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 123 (6th Cir. 1971) ("We are not bound by allegations that are clearly unsupported and unsupportable.  We should not accept as true allegations that are in conflict with facts judicially known to the Court.") (internal citations omitted); *see also Lawrence v. United States*, 597 F. App'x 599, 602 (11th Cir. 2015) ("[N]or are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits. Rather, 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'") (internal citation omitted); *Hammer v. City of Sun Valley*, No. 1:13-CV-00211-EJL, 2014 U.S. Dist. LEXIS 83143, at *9 (D.

21

Idaho June 17, 2014) ("[T]he Court need not accept as true allegations that contradict matters contained within exhibits to the nonmoving party's pleading[.]"); *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint[.]"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting that a court is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

The District Court did not err. It applied the appropriate legal standard and correctly dismissed Plaintiffs' Count I for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

**B.    A request to set aside the state court orders is not a prerequisite for applying the *Rooker-Feldman* doctrine.**

Plaintiffs also contend *Rooker-Feldman* could not have barred their claims because they did not ask the District Court to set aside the state court orders for service by publication because "[t]he publications cannot be undone." (Appellants' Brief at 8-9). This is incorrect. Plaintiffs misconstrue the *Rooker-Feldman* doctrine and this Court's precedent regarding the doctrine's application.

A request to set aside the state court orders at issue is not a prerequisite for applying *Rooker-Feldman*, and whether it is too late to undo the service by publication is irrelevant to the *Rooker-Feldman* analysis. "*Rooker-Feldman* focuses on whether the state court decision caused the injury," not whether the plaintiff is seeking to have the state court decision set aside. *Berry*, 688 F.3d 299. In *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007), for example, this Court explained that "if a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions [is] in fact a challenge to the judgment itself." *Id.* at 329 (citing *McCormick*, 451 F.3d at 394). Thus, it is not necessary for a plaintiff to specifically request the state court decision to be set aside for *Rooker-Feldman* to apply.

Here, each of the state court's orders for service by publication stated: "A copy of this order shall be published once each week in [the Houghton Lake Resorter or the Ogemaw County Herald] for three consecutive weeks, and proof of publication shall be filed in this Court." (*See* Orders for Service by Publication, *supra*). Thus, the publications of the state court's orders in the Houghton Lake Resorter and the Ogemaw County Herald in Plaintiffs' cases were the product of the state court's orders for service by publication. The fact that the publications cannot be undone at this point does not change the

23

fact Plaintiffs' challenge to the publications is a challenge to the state court's orders, and thus, is barred by *Rooker-Feldman*.  *See Abbott*, 474 F.3d at 329.

**C.    Plaintiffs' contention that the state court's orders for service by publication were merely permissive is false.**

Lastly, Plaintiffs falsely contend the state court's orders for service by publication were not the source of their injuries because the orders "only permitted the publication.  The Defendants were never ordered to publish." Appellants' Brief at 20.  This is a patently false statement that contradicts the plain language of the state court's orders.

Under Michigan law, "a court speaks through its orders."  *Johnson v. White*, 430 Mich. 47, 53; 420 N.W.2d 87, 90 (1988).  As discussed above, each of the state court's orders for service by publication ordered: "A copy of this order **shall** be published once each week in [the Houghton Lake Resorter or the Ogemaw County Herald] for three consecutive weeks, and proof of publication **shall** be filed in this Court."  (*See* Orders for Service by Publication, *supra*) (emphasis added).  Under Michigan law, the term "shall" is a mandatory directive.  *See, e.g.*, *People v. Lockridge*, 498 Mich. 358, 387; 870 N.W.2d 502, 518 (2015) ("As we have stated many times, 'shall' indicates a mandatory directive." (citing *Fradco, Inc. v. Dep't of Treasury*, 495 Mich. 104, 114; 845 NW2d 81 (2014)).

24

The state court's orders were plainly mandatory under Michigan law. Plaintiffs' argument that the state court's orders were merely permissive is frivolous.  No matter how Plaintiffs try to dress up their claims, they are unmistakably challenging and alleging injuries that stem from the state court's orders finding that "[s]ervice of process upon [each respective Plaintiff] cannot reasonably be made as provided in MCR 2.105" and ordering mandatory service by publication.  Thus, the District Court was correct in holding that Plaintiffs' claims are barred by *Rooker-Feldman*.

## D.    Count II of Plaintiffs' Complaint is properly dismissed on *Rooker-Feldman* grounds.

The district court dismissed Count II of Plaintiff's complaint for failure to state a claim.  That is correct, as argued below.  But the court would have been correct to dismiss Count II on *Rooker-Feldman* grounds, as well, and this Court may affirm on that basis.  *Murphy v. Natl City Bank*, 560 F.3d 530, 535 (6th Cir. 2009) ("Appellate courts may affirm on alternative grounds supported by the record.").

Count II is based on Defendants' actions of complying with the 82nd District Court's order directing service through publication.  Plaintiffs do not allege that Defendants did something other than what the court ordered them to do, i.e., that they submitted for publication statements that were different

than what the court ordered.  To the contrary, Plaintiffs allege that Defendants did exactly what they were ordered to do.  As this Court explained in *Abbott,* "if a third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions [is] in fact a challenge to the judgment itself."  *Abbott,* 474 F.3d at 329.  Thus, Count II of Plaintiffs' Complaint is also subject to *Rooker-Feldman* abstention, and this Court should affirm its dismissal for that reason.

## ARGUMENT II

**THE DISMISSAL OF COUNTS I AND II OF PLAINTIFFS' COMPLAINT IS PROPERLY AFFIRMED SINCE NEITHER COUNT STATES A CLAIM**

The district court correctly dismissed Count II of Plaintiffs' Complaint for failure to state a claim. This Court should affirm, and, in addition to the reasons set forth in Argument I, should affirm the dismissal of Count I for failure to state a claim as well.

**A.    Standard of review.**

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to

the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664, 129 S.Ct. 1937. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B.    To violate section 1692e, a statement must be false or misleading, material, and made in connection with an attempt to collect a debt.**

The FDCPA was adopted to protect consumers from "collection abuses such as use of 'obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.'" *Kropelnicki v Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting S. Rep. No. 95-382, at 2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696).  The Supreme Court has made it clear that the FDCPA "should not be assumed to compel absurd results when applied to debt collecting attorneys."  *Jerman v. Carlisle,*

*McNellie, Rini, Kramer & Ulrich, LPA*, 559 U.S. 573, 130 S. Ct. 1605, 1622, 176 W. Ed.2d 519 (2010).

As this Court has held, the text of § 1692e makes clear that, to be actionable, a communication need not itself be a collection attempt; it need only be "connected" with one. *Grden v. Leikin*, *Ingber & Winters, PC*, 642 F.3d 169, 173 (6th Cir. 2011). "But it is just as clear that 'the statute does not apply to *every* communication between a debt collector and a debtor.'" *Id.*, quoting *Gburek v. Litton Loan Serve*, *LP*, 614 F.3d 380, 385 (7th Cir. 2010) (emphasis in *Gburek*). Thus, for a communication to be in connection with the collection of a debt, "an animating purpose of the communication must be to induce payment by the debtor." *Grden*, 643 F.3d at 173. Statements made as a ministerial response to a debtor inquiry are not considered to have an animating purpose of inducing payment by the debtor. *Id.*

Regarding the requirement that a statement be false or misleading, this Court has adopted the "least sophisticated consumer" standard for evaluating whether a defendant has committed false or deceptive practice in violation of 15 U.S.C. § 1692e. *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006). As applied, this standard is objective and is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Fed. Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007).

Also, a false or misleading statement is not actionable under § 1692e

unless it is material. *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th

Cir. 2009). As this Court has recognized, a statement must be more than just

misleading; it "must be *materially* false or misleading to violate Section

1692e." *Wallace v. Wash Mut. Bank FA,* 683 F.3d 323, 326 (6th Cir. 2012)

(emphasis in original). "The materiality standard . . . means that in addition to

being technically false, a statement would tend to mislead or confuse the

reasonable unsophisticated consumer." *Id.* at 326-27. *See also Clark v Lender*

*Processing Services,* 562 F. Appx. 460, 466 (6th Cir. 2014).

Thus, if a statement would not mislead the unsophisticated consumer, it

does not violate the act—even if it is false in some technical sense. *Donohue v.*

*Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). *See also Hahn v.*

*Triumph Partnerships, LLC*, 557 F.3d 755 (7th Cir. 2009). As the court

recognized in *Miller,* borrowing from other decisions,

> Judge Easterbrook recently observed that "[m]ateriality is an
> ordinary element of any federal claim based on a false or
> misleading statement." . . . Seeing no "reason why materiality
> should not equally be required in an action based on § 1692e,"
> Judge Easterbrook found a statement "false in some technical
> sense" immaterial. . . . "A statement cannot mislead unless it is
> material, so a false but non-material statement is not
> actionable." *Id.* We agree.

*Miller,* at 596, *citing Hahn* (other citations omitted).

30

**C.    Application.**

Plaintiffs' Complaint purports to allege that false statements were made through Defendants' use of Michigan court-approved forms.  Plaintiffs first allege that Defendants' use of Form MC 303 made a false statement since the form says, "1.  Service of process upon [name of the individual] cannot reasonably be made as otherwise provided in MCR 2.105, as shown in the following verification of process server."  (R.E. 14, First Amended Complaint, ¶16, Page ID # 145).  Plaintiffs contend that that statement on Form MC 303 was "false" because the process server's verification did not reflect an attempt to serve by registered mail.  Thus, according to Plaintiffs, service could have reasonably been made as otherwise provided in M.C.R. 2.105.  Plaintiffs also allege that Defendants' use of 82nd District Court Form MC 01b constitutes making a false statement because that form said in pertinent part, "diligent attempts have been made to personally serve process on the defendant; however, the defendant has either moved, is evading service, or other [space left blank]."  (R.E. 14, First Amended Complaint, ¶ 20, Page ID #145).  Plaintiffs allege that the form presents a false statement:

> 21.    The statements made on form MC 01b are false as "diligent attempts to serve process" on an individual requires an attempt to serve the individual by registered or certified mail, which was not attempted in any of the cases.

22.   In all cases postal verification was submitted showing that
      none of the Plaintiffs had moved.  The only operative
      allegation in form MC 01b is that the Plaintiffs were
      evading service which is false when served by registered
      or certified mail has not been attempted.

(R.E. 14, First Amended Complaint, ¶¶ 21-22, Page ID # 145-146).

Thus, Plaintiffs' claim of a false statement in violation of the FDCPA is
predicated on Defendants' making the *legal argument to the court* in the
underlying proceeding that a failure to accomplish personal service warranted
an order for substituted service under M.C.R. 2.105.

## 1.   Defendants' alleged statements on the court forms were not false or misleading.

The first of several reasons that the statements on the forms regarding
the failure to achieve service do not violate the FDCPA is that the statements
were not false or misleading.  The statement on Form MC 01b that "diligent
attempts have been made to personally serve process on the defendant"
clearly was not false or misleading; diligent attempts *were* made to *personally*
serve the Defendants.  Plaintiff's claim is not that that statement is untrue; it is
that Defendants were required to attempt service by certified or registered
mail.  The district court correctly characterized and disposed of this claim:

> Plaintiffs do not challenge any of the representations made by
> the process server regarding her attempts to personally serve
> Plaintiffs.  The parties agree that Defendants did attempt
> personal service pursuant to M.C.R. 2.105(A)(1) and did not

32

> attempt the alternative method of service ("or") on Plaintiffs through registered or certified mail under M.C.R. 2.105(A)(2) prior to their request for alternative service. Defendants did not represent to the state court that they had made any attempt to serve Plaintiffs by registered or certified mail. Accordingly, Defendants did not make any false or misleading representations of fact to the state court regarding their actual attempts to serve the various Plaintiffs.

(7/27/16 Order, R.E. 30, Page ID # 530).

As for Form MC 303, the statement "Service of process . . . cannot reasonably be made as otherwise provided in M.C.R. 2.105, as shown in the following verification of process server" also is neither false nor misleading. As the district court correctly recognized, that statement is an argument to a court based on an interpretation of M.C.R. 2.105—an interpretation that that rule did not require an attempt to serve by certified or registered mail.

The district court correctly recognized that Plaintiffs' claim of a false or misleading statement on the part of Defendants was based on Plaintiffs' legal conclusion as to how M.C.R. 2.105 should be interpreted. As the district court aptly put it,

> The issue then, is whether Defendants' representations that service of process upon the Plaintiffs could not "reasonably be made as otherwise provided in MCR 2.105" (parroting the language of M.C.R. 2.105(I)(a)) as demonstrated by the unsuccessful personal service attempts, and that "[d]iligent attempts have been made to personally serve process on [the plaintiff]; however, [plaintiff] has either moved, is evading service, or other" may be considered false, misleading, or

33

deceptive under 15 U.S.C. § 1692(e). Plaintiffs' claim that
Defendants' representations were false, misleading, or
deceptive is based on Plaintiffs' *legal conclusion* that the
language of the Michigan Court Rule requires an attempt at
personal service under M.C.R. 2.105(A)(1) *and* an attempt at
service through registered or certified mail under M.C.R.
2.105(A)(2) before a court may permit alternative service
under M.C.R. 2.105(I). The alleged representations by
Defendants are thus based upon Plaintiffs' interpretation of the
Court rule, and Plaintiffs do not allege that Defendants made
any misrepresentation of fact. There is no dispute that
Defendants accurately represented the process server's
attempts to serve Plaintiffs. The state court thus had the ability
to independently review Defendants' attempts at service, and to
determine whether Defendants had satisfied their burden for
obtaining alternate service under M.C.R. 2.105(I). The state
court determined that they had.

(7/27/16 Order, R.E. 30, Page ID # 530-531).

Defendants' statements on the forms are akin to the argument made in

an underlying proceeding in *Milijkovic v. Shafritz and Dinkin, PA,* 791 F.3d

1291 (11th Cir. 2015). The plaintiff in that case complained of a statement

made by the defendants in a reply. The Eleventh Circuit held that the reply

was not false or misleading in violation of § 1692e because it was simply the

statement of a party's *legal position* in an underlying proceeding. As the

Eleventh Circuit correctly recognized,

The sworn reply is not misleading or deceptive in the
traditional sense. It does not misrepresent the nature or effect
of the writ of garnishment. . . . It does not erroneously state the
amount of the debt owed by Appellant. . . . It does not
incorrectly identify the holder of the alleged debt. . . . It does not

> contain "false or deliberately ambiguous threats" of future
> litigation. . . . Instead, the sworn reply simply states Appellees'
> legal position relative to Appellant's claim of exemption.

*Id.* at 1306 (citations omitted).  The court went on to recognize that "debt-collector attorneys must be permitted to present legal arguments in their clients' favor and to invoke the remedies available to them," even if those arguments are unsuccessful.  *Id.* at 1307 (citations omitted).

Similarly here, Defendants' submission of the Michigan forms in an argument that substituted service should be allowed represents not a false or misleading statement, but a legal argument that Defendants should be permitted to make without fear of suit under the FDCPA.

Moreover, the statements regarding the request for substituted service based on Defendants' interpretation of M.C.R. 2.105 simply would not mislead the least sophisticated consumer.  This Court's *Miller* decision is instructive in this regard.  In that case the plaintiff argued that the defendant lawyer made a misleading statement regarding whether the lawyer's client had acquired an interest in a claim regarding the debtor's debt.  The plaintiff argued that the statement violated § 1692e "by falsely or misleadingly implying that Providian assigned her debt to an innocent purchaser for value who enjoyed protection under the holder-in-due-course rule."  *Miller*, 561 F.3d at 595.  This Court disagreed.  As this Court reasoned, "[N]o reason exists to think that the least-

sophisticated consumer gives any thoughts to holders in due course—by definition, the least-sophisticated consumer lacks any knowledge of the *concept.*" *Id.* at 596 (emphasis in original).

Similarly here, the least sophisticated consumer simply would not be misled by the statement on Form MC 303 that service could not be accomplished, thus requiring substituted service. *See also Scheuer v. Jefferson Capital Systems, LLC*, 43 F. Supp. 3d 772 (E.D. Mich. 2014) (holding that statement made in connection with a legal position that might mislead a sophisticated lawyer would not mislead the least-sophisticated consumer).

Because nothing stated on the forms would mislead the least-sophisticated consumer, Plaintiffs' complaint fails to state a claim.

### 2.    The alleged statements are not material.

Aside from the fact that none of the statements made by Defendants was false or misleading, Plaintiffs' Complaint fails to state a claim for the additional reason that the statements were not material.  As this Court has recognized, a statement "must be *materially* false or misleading to violate Section 1692e." *Wallace,* 683 F.3d at 326 (emphasis in original).

Here, even if the statements on the forms were deemed to be false or misleading, they were not material because they would not tend to mislead or confuse a reasonable unsophisticated consumer.  Nothing about the

statements regarding how service was attempted would cause a reasonable, unsophisticated consumer to be misled or confused.

The statements are analogous to statements at issue in *Clark*, which addressed the manner in which a loan had been transferred from one entity to another. This Court held that the statement, even if false, failed the materiality test because it would not have misled a consumer in a way that would have made any difference. *Clark*, 562 F. Appx. at 467. *See also Miller*, 561 F.3d at 596 (rejecting Miller's claim on materiality grounds); and *Scheuer* (rejecting claim on materiality grounds because the alleged false statement would not impair the ability of an unsophisticated consumer to respond).

This rule applies with equal force here, as the statements regarding the failed manner of service did not mislead the Plaintiffs in any way, shape, or form.

### 3. The statements on the forms were not made in connection with debt collection activities.

Yet another way in which Plaintiffs' Complaint fails to state a claim is that the alleged statements on the form were not made "in connection" with debt collection activities. While it is true that, to be actionable, a communication need not itself be a collection attempt, and need only be "connected" with one, *Grden*, 643 F.3d at 173, it is equally clear that the

statute does not apply to every communication between a debt collector and a debtor. *Goodson v. Bank of Am, NA,* 600 F. Appx. 422, 430 (6th Cir. 2015).

The test for determining whether a communication is made "in connection" with debt collection activities is if it is the "animating purpose" of the communication to induce the debtor to make payment on the debt. *Grden*, 643 F.3d at 173. Where, as here, a communication is sent merely to *inform* the debtor of something, rather than to induce payment, the test is not met. That was the holding in *Goodson*, which recognized that two letters sent directly to the debtor for purposes of providing information, rather than of inducing payment, were not made "in connection" with debt collection activities.

Here, even if it was an "animating purpose" of the underlying complaints to induce payment, that was not an animating purpose of the statement made to the court about the failed attempts at providing service. The only "animating purpose" of those statements was to inform the court that a complaint had been filed. Because communications intended merely to inform, rather than induce payment, are not deemed made "in connection" with debt collection activites, *Goodson,* Plaintiffs' Complaint fails for this reason as well.

38

## **CONCLUSION**

For the reasons set forth herein, Defendants request that this Court affirm the dismissal of Plaintiffs' Complaint.  Defendants further request any and all other relief to which they are entitled.

Respectfully submitted,

| DYKEMA GOSSETT PLLC | PLUNKETT COONEY |
|---|---|
| By:/s/Aaron L. Vorce<br>　THEODORE W. SEITZ<br>　AARON L. VORCE<br>　Attorneys for Defendant-Appellee<br>　*Encore Capital Group, Inc., Midland*<br>　*Credit Management, Inc. & Midland*<br>　*Funding, LLC*<br>　201 Townsend Street, Suite 900<br>　Lansing, MI 48933<br>　Tel:  (517) 374-9100<br>　tseitz@dykema.com<br>　avorce@dykema.com | By:/s/Jeffrey C. Gerish<br>　JEFFREY C. GERISH<br>　JEFFREY S. HENGEVELD<br>　Attorneys for Defendant-Appellee<br>　*Weltman, Weinberg & Reis, Co., LPA*<br>　38505 Woodward Ave., Suite 2000<br>　Bloomfield Hills, MI  48304<br>　Tel:  (248) 901-4031<br>　jerish@plunkettcooney.com<br>　jhengeveld@plunkettcooney.com |

DATED:  November 9, 2016

## <u>CERTIFICATE OF COMPLIANCE</u>

STATE OF MICHIGAN            )
                                            ) ss.
COUNTY OF OAKLAND         )

JEFFREY C. GERISH, being first duly sworn, certifies and states the following:

1.      He is an attorney with the firm Plunkett Cooney, and is in principal charge of the above-captioned cause for the purpose of preparing the attached joint brief on appeal;

2.      The joint brief on appeal prepared by his office complies with the type-volume limitation, using Cambria size 14 font; and

3.      The word processing system counts the number of words in the joint brief as 8,466.

/s/Jeffrey C. Gerish                        
JEFFREY C. GERISH

## <u>CERTIFICATE OF SERVICE</u>

Jeffrey C. Gerish, being first duly sworn, deposes and says that he is a Shareholder with the Firm of Plunkett Cooney and that on the 9th day of November, 2016, he caused a copy of this document to be served upon all parties of record, and that such service was made electronically upon each counsel of record so registered with the Sixth Circuit Court of Appeals **and** via U.S. Mail to any counsel/parties not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid and depositing said envelope and its contents in a receptacle for the U.S. Mail.

/s/Jeffrey C. Gerish
JEFFREY C. GERISH
Attorney for Defendant-Appellee
Weltman, Weinberg & Reis, Co., LPA
38505 Woodward Ave, Suite 2000
Bloomfield Hills, MI 48304
Tel: (248) 901-4031
jgerish@plunkettcooney.com

## ADDENDUM – DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| RECORD ENTRY | DATE | DESCRIPTION | Page ID # |
|---|---|---|---|
| 1 | 12/1/15 | Complaint | 1-13 |
| 1-2 | 12/1/15 | Complaint, Exhibit A | 19-25 |
| 1-3 | 12/1/15 | Complaint, Exhibit B | 27-33 |
| 1-4 | 12/1/15 | Complaint, Exhibit C | 35-41 |
| 1-5 | 12/1/15 | Complaint, Exhibit D | 43-49 |
| 1-6 | 12/1/15 | Complaint, Exhibit E | 51-57 |
| 1-7 | 12/1/15 | Complaint, Exhibit F | 59-65 |
| 1-8 | 12/1/15 | Complaint, Exhibit G | 67-73 |
| 1-9 | 12/1/15 | Complaint, Exhibit H | 75-81 |
| 1-10 | 12/1/15 | Complaint, Exhibit I | 83-89 |
| 1-11 | 12/1/16 | Complaint, Exhibit J | 91-97 |
| 14 | 1/5/16 | Amended Complaint | 141-154 |
| 15 | 2/1/16 | Motion to Dismiss by Defendant Weltman, Weinberg &Reis, PLA | 155-187 |
| 15-2 | 2/1/16 | Motion to Dismiss, Exhibit A | 190-192 |
| 15-3 | 2/1/16 | Motion to Dismiss, Exhibit B | 194-195 |
| 15-4 | 2/1/16 | Motion to Dismiss, Exhibit C | 197-198 |
| 15-5 | 2/1/16 | Motion to Dismiss, Exhibit D | 200-207 |
| 15-6 | 2/1/16 | Motion to Dismiss, Exhibit E | 209-252 |
| 15-7 | 2/1/16 | Motion to Dismiss, Exhibit F | 254 |
| 22 | 6/16/16 | Report and Recommendation | 369-386 |
| 23 | 6/28/16 | Plaintiff's Objections to Report and Recommendation | 387-407 |
| 24 | 6/29/16 | Defendant Weltman's Objections to Report and Recommendation | 463-490 |
| 30 | 7/27/16 | Opinion and Order | 524-534 |
| 33 | 8/25/16 | Notice of Appeal | 543 |