No. 16-2206

---

UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT

---

SUZETTE WOOD, DENISE ASH,
EDWARD KORBINSKI, DANIEL
PROUGH, EDDIE BABCOCK, RUSSELL
RULASON, TINA WHITE, DAVID
BRYANT, AND BARBARA KING,

                    Plaintiff-Appellant

v.

MIDLAND FUNDING, CO. LLC, AND
WELTMAN, WEINBERG & REIS, CO.,
LPA,

                    Defendants-Appellee

---

On Appeal from the United States District Court
Eastern District of Michigan, Case No. 1:15-cv-14204-TLL-PIM
The Honorable Thomas L. Ludington

---

REPLY BRIEF OF
PLAINTIFFS-APPELLANTS

---

Arvid Perrin
(P25470) Attorney
for Plaintiffs
P.O. Box 1646
Houghton Lake, MI
48629 989-202-2242
arvidperrin@yahoo.com

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

REPLY TO COUNTER STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . 1

REPLY ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A.    Reply as to the Application of Rooker-Feldman to Count I . . . . . . . . . . . . 2

B.    Count I states a cognizable claim that Defendants sought relief
      to which they were not legally entitled . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

C.    Defendants' reasonable legal argument defense . . . . . . . . . . . . . . . . . . . . . 4

D.    Defendants' misrepresentations are misleading in the traditional sense . . . . 5

E.    Defendants' ignorance of law defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

F.    Reply as to the effect of Rooker-Feldman on the claims in Count II  . . . . . . 7

G.    The FDCPA imposes a duty on debt collection attorneys  . . . . . . . . . . . . . . 7

H.    Plaintiff's request for relief does not implicate Rooker-Feldman . . . . . . . . 11

I.    Independent claims may deny a legal conclusion of the state court . . . . . . 13

J.    FDCPA damages do not conflict with the state court order . . . . . . . . . . . . .14

ADDENDUM

*McCrobie v. Palisades Acquisition XVI, LLC,* unpublished 2nd Circuit,
Decided November 10, 2016

# TABLE OF AUTHJORITIES

## REPORTED CASES

*Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . 9, 10, 13

*Berry v. Schmitt*, 688 F.3d 290 (6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Brown v. First Nationwide Mortgage Corp.*,
206 Fed.Appx. 436 (6th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,
125 S.Ct. 1517, 161 L.Ed.2d 454, 73 U.S.L.W. 4266 (2005) . . . . . . . . . . . . . 9, 13

*Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995)  . . . . . . 8

*Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich L.P.A.*,
559 U.S. 573, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010) . . . . . . . . . . . . . . . 6, 7, 8, 9

*Kovacic v. Cuyahoga County Dep't of Children and Family Services*,
606 F.3d 301, 310 (6th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*McCormick v. Braverman,* 451 F.3d 382, 393-94 (6th Cir.2006) . . . . . . . . . . . . 13

*Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015) . . . . . . 4, 5, 10

*Pittman v. Cuyahoga Cnty. Dep't of Children and Fam. Sevs.*,
241 Fed.Appx. 285 (6th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Powers v. Credit Management Services, Inc.*,
93 Fed.R.Serv.3d 1697, 313 F.R.D. 103 (8th Cir. 2016) . . . . . . . . . . . . . . . . . . 14

*Stratton v. Portfolio Recovery Assocs., LLC*,
770 F.3d 443, 449 (6th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 8

*Todd v. Weltman, Weinberg, & Reis Co., L.P.A.*,
434 F.3d 432, 437 (6th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710 (6th Cir. 2015) . . . . . . . . . . . . 3, 6

**UNREPORTED CASES**

*McCrobie v. Palisades Acquisition XVI, LLC,* 16-1264-cv
United States Court of Appeals, 2nd Circuit, November 10, 2016 . . . . . . . . . . . .15

**STATUTES**

15 U.S.C. §1692 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15 U.S.C. §1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

15 U.S.C. §1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

15 U.S.C. §1692e(5) . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . 3

## REPLY TO
## DEFENDANTS' COUNTER STATEMENT OF THE CASE

Plaintiffs challenge the following factual assertion in Defendants' statement

of the case.

> Plaintiffs filed this action under the Fair Debt Collection Practices Act,
> 15 U.S.C. § 1692, et. seq. ("FDCPA"), alleging that Midland Funding, to
> whom Plaintiffs owed money, and its lawyers violated the FDCPA by filling
> out and filing Michigan court-approved forms reporting unsuccessful efforts
> at personal service of underlying complaints on Plaintiffs, and asking
> permission to provide substitute service.  <u>Nothing set forth by Defendants on
> those forms related to Plaintiffs' debts</u>. But Plaintiffs claim information
> regarding the debts was caused to be revealed when the Michigan court
> presiding over the underlying actions ordered substituted service by way of
> publication in a newspaper." [1]

Defendants seem to be claiming they did not fill out and compose the

language we find in the forms MC 307 (Order[s] for Service by Publication/

Posting and Notice of Action) attached as exhibits to the First Amended Complaint

and quoted in paragraph 29 (RE 14, Page ID # 147-149).

Plaintiffs' complaint alleged that Defendants themselves filled out and

composed the language in forms MC 307 (Order for Service by Publication/

Posting and Notice of Action) which Defendants submitted to the state court for

signing in each case and included in those forms the details of Plaintiffs' alleged

debts.  Further, Plaintiffs allege that Defendants caused the signed orders to be

published in the newspapers (Amended Complaint at ¶¶ 26-27, RE 14, Pg ID #

---

[1]  See Appellees' Joint Brief at page 3 (emphasis added).

1

147).  Defendants now seem to dispute the allegation that they prepared the orders, and seem to have no idea how the details of Plaintiffs' debt came to be printed in the newspapers.  In this brief Plaintiffs contend the act of including their debts in the form[s] MC 307 was by itself a FDCPA violation independent of the state courts decision, making the Rooker-Feldman doctrine inapplicable.

Defendants' statement of the case is contradicted by the 82nd District Court clerk's letter directing Defendants to "complete MC 307" which letter was submitted by Defendants as an exhibit in the trial court.  (WWR's Objection to Magistrate's R&R Exhibit A, RE 24-2, pg ID # 476).  If this court has any inclination to credit Defendants' version of events Plaintiffs request this case be remanded to the trial court to allow evidence to be presented on the question of how Plaintiffs' names came to be published in the local newspapers as debtors.

## REPLY ARGUMENTS

**A.    Reply as to the Application of Rooker-Feldman to Count I**

Plaintiffs' FDCPA claims in Count I of their First Amended Complaint arise from alleged violations of 15 U.S.C. §1692e – false or misleading representations -- by Defendants before any decision was made by the state court.  The factual allegations supporting Count I relate to Defendants' conduct in filing motions for alternate (substitute) service with the 82nd District Court without having attempted service by registered or certified mail.   Those violations could not have been the product of any state court decision, because by definition that conduct was

complete before the state court made any decision.  Thus the Rooker-Feldman doctrine does not apply to Count I.

**B.      Count I states a cognizable claim that Defendants sought relief to which they were not legally entitled.**

The FDCPA at 15 USC §1692e(5) prohibits a debt collector from threatening to take any action that cannot be legally be taken.  The Defendants' Motions for Alternate Service come within that prohibition and are misrepresentations generally.

This court has said that the FDCPA "places the risk of penalties on the debt collector that engages in activities which are not entirely lawful." *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 449 (6th Cir. 2014).   Recently, in *Wise v. Zwicker & Assocs., P.C*., 780 F.3d 710 (6th Cir. 2015), this court reiterated that the FDCPA imposes strict liability on debt collectors.  Plaintiffs do not need to prove knowledge or intent to establish liability, nor must they show actual damages. *Id.*  "[I]f a debt collector seeks [relief] to which it is not entitled, it has committed a prima facie violation of the Act, even if there was no clear prior judicial statement that it was not entitled to [the relief]."  *Wise*, at 713, quoting *Stratton,* at 449 (6th Cir. 2014).

Defendants' Motions for Alternate Service seek a relief Defendants were not entitled to. The filing of those motions were violations of the FDCPA completed before the state court took any action and not caused by the state court signing the subsequent orders for alternate service. Thus Rooker-Feldman does not bar this claim.

## C.    Defendants' Reasonable Legal Argument Defense

Appellees' Joint Brief asserts that their sworn statement in forms MC 303, were not false but simply "a legal argument Defendants should be permitted to make without fear of suit under the FDCPA." [2] This rationalization is contrived. The defendants had an early opportunity to advance that argument in their answer to Wood's superintending control complaint against the 82nd District Court. Wood's complaint asserted that an attempt at service by certified mail was required prior to substitute service. As previously pointed out, Weltman attorney, Jeffrey Bearss, filed an answer to Wood's complaint in the form of a letter addressed to the judge of the Michigan 34th Circuit Court (Exhibit A, Plaintiffs' Response to Motion to Dismiss, RE 19-2, Pg ID #299). Jeffrey Bearss' letter, dated September 23, 2015, never argued that Wood's interpretation of MCR 2.105 was wrong.

In support of this defense Defendants cite *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015), which is inapposite. Unlike the present case,

---

[2] See Appellees' Joint Brief at page 35)

4

the underlying litigation in *Miljkovic* involved an adversarial process.  The

defendant debt collector obtained a writ of garnishment, the plaintiff filed a claim

of exemption from garnishment, the defendant filed a reply disputing the factual

basis of the exemption claim and a hearing was held. "In short, at the time the

sworn reply was filed, the facts underlying Appellant's right to an exemption were

in dispute." *Id.* at 1307.  In the instant cases the underlying facts were not in

dispute.  The undisputed facts show Defendants never attempted service by

registered or certified mail and thus were not entitled to an order for alternate

service.  Certainly "debt-collector attorneys must be permitted to present legal

arguments in their clients' favor and to invoke the remedies available to them" *Id.*

at 1307.  But nothing in *Miljkovic* suggests that debt-collector attorneys are

permitted to invoke remedies that the undisputed facts show are not available them.

It is not likely that the 11th Circuit intended ignorance of the law to be an excuse.

**D.    Defendants' misrepresentations are misleading in the traditional sense.**

*Milijkovic* actually supports a finding that the type of deception found in the

Defendants' motions for alternate service (forms MC 303) is actionable under the

FDCPA.  The 11th Circuit points out that, "[t]he sworn reply is not misleading or

deceptive in the traditional sense. It does not misrepresent the nature or effect of

the writ of garnishment." *Id.* at 1306.  In our case Defendants' representation that

the court rule allowed alternate service under the facts stated, misrepresents the

nature and effect of MCR 2.105.  Thus Defendants' sworn statements were misleading or deceptive in the "traditional sense" under *Miljkovic*'s analysis.  *Id.*

## E.    Defendants' ignorance of law defense

In any case, there is no ignorance of law defense to a FDCPA violation and this is what this line of defense requires.   Defendants gave up some freedom in litigation tactics when they entered into field of debt collection.  The FDCPA "imposes some constraints on a lawyer's advocacy," *Jerman*, 559 US at 600. Beyond the code of professional ethics the debt collection attorney must comply with the FDCPA.  Unlike attorneys generally, debt collector attorneys cannot advance positions solely because they are arguable and in their client's pecuniary interest, the debt collection attorney, acting as such, cannot advocate in state courts for a change of existing law the consequence of which would abuse debtors.   Debt collection attorneys are required by the FDCPA to follow the existing law, even when they claim ignorance of it.  Reading *Jerman* this court stated that the Supreme Court, "makes clear that mistakes of state law can give rise to liability." *Wise* at 713.

If Michigan law requires that service by registered or certified mail be attempted or found unreasonable before alternate service or substitute service may be requested, the actions of the Defendants were violations of the 15 USC 1692e not the product of any state court decision.

**F.      Reply as to the effect of Rooker-Feldman on the claims in Count II.**

In Count II Plaintiffs complain of Defendants publishing their names and the details of their debts in local papers.  If other debt collectors practicing in the 82nd District Court were able publish orders to answer without revealing their suits were for collection of debts, then Defendants could have avoided revealing Plaintiffs' were being sued on debts as well.[3]  If this evidence were allowed to be presented on remand it would show that the state court orders did not directly cause Plaintiffs' injuries in Count II.  It was the Defendants decision to include the details of Plaintiffs' debts in the orders for publication that caused those damages.

**G.      The FDCPA imposes a duty on debt collection attorneys.**

Plaintiffs claim the publications caused them to be harassed, oppressed and abused in violation of 15 USC § 1692d.  Defendants defend that they are not responsible for the publications because they were ordered by the state court, and, because of that, Plaintiffs' claims require review of the state court's decisions which is prohibited by the Rooker-Feldman doctrine.   Plaintiffs counter that their

---

[3] In the interest of full disclosure, and avoid any misunderstanding, ten more Plaintiffs have filed a nearly identical joint complaint against the Defendants since this instant case was dismissed.  Samantha Ann Ackels, et al. v. Midland Funding LLC, et al. case # 1:16-cv-13167 EDMI.   That complaint additionally alleges that other debt collectors were able to publish Orders for Alternate Service by Publication from the 82nd District Court without revealing debt collection was involved.

claims are that Defendants violated the FDCPA and therefore it is Defendants'

actions, not the state court's decisions, which must be reviewed.

> First, the Supreme Court has already held that the FDCPA "applies to the litigating activities of lawyers," *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) and "imposes some constraints on a lawyer's advocacy," *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 600, 130 S.Ct. 1605, 176 L.Ed.2d 519 (2010). "Litigating . . . seems simply one way of collecting a debt," *Heintz*, 514 U.S. at 297, that could be used, especially against an unsophisticated consumer, in an unfair or deceptive manner.

*Stratton v. Portfolio Recovery Assocs., LLC,* 770 F.3d 443, 449 (6th Cir. 2014)

Under Defendants' expansive vision of the Rooker-Feldman doctrine the

Supreme Court's holding in *Heintz*, that the FDCPA applies to litigation activities,

would be severely limited.  Virtually any action of a debt collection attorney in

state court litigation could be viewed as somehow intertwined with some state

court decision.  However, as this court has pointed out the doctrine has a much

narrower application.  "[I]f the plaintiff has a claim that is in any way independent

of the state-court judgment, the Rooker-Feldman doctrine will not bar a federal

court from exercising jurisdiction.  *Abbott v. Michigan*, 474 F.3d 324 (6th Cir.

2007) citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284;

125 S.Ct. 1517, 161 L.Ed.2d 454, 73 U.S.L.W. 4266 (2005) (emphasis added)..

The Supreme Court reads the FDCPA to "impose[] some constraints on a

lawyer's advocacy." *Jerman* at 600.  A lawyer's advocacy is already constrained by

8

a Code of Ethics and the Rules.  So it can be assumed that the Supreme Court is

referring to additional constraints beyond those usually encountered in the practice

of law.  Thus defendants can be held liable for actions where a non-debt collector

would have no duty.  The debt collector must not take actions that would naturally

result in FDCPA violations.

The standard of conduct is fairly simple.

"A debt collector may not engage in any conduct the natural consequence of
which is to harass, oppress, or abuse any person in connection with the
collection of a debt."

15 USC §1692d.

The term "any conduct" in 15 USC §1692d would in this case encompass

the acts of: 1) preparing the forms MC 307 (Order for Service by Publication/

Posting and Notice of Action) so that when published they revealed Plaintiffs

debts; 2) submitting the orders to the judge for signing; 3) and sending the signed

orders with the offending language to the newspaper for publication.  The term

"any conduct" should be read expansively just as the term "any person."   See

*Miljkovic*, at 1301.

Absent the FDCPA Plaintiffs could "not claim that the defendants have

injured them in any way except by strictly executing those judgments." *Abbott,* at

329.  The fact that Plaintiffs complain of FDCPA violations changes the Rooker-

Feldman analysis. The FDCPA does not require actual damages. Just asking the

state court for permission to publically sham the consumer satisfies the Act.

The plain words of the statute prevent the debt collector from doing any act

in connection with the collection of a debt which would naturally result in any

person being harassed, oppressed, or abused. Public shaming would qualify as

abusive, harassing and oppressive. Thus the cause of Plaintiffs injury is the

violation of the FDCPA not the state court order. This fact distinguishes

complaints alleging FDCPA violations from non-FDCPA cases like *Abbott* for

Rooker-Feldman analysis. The Plaintiffs were not injured by the Defendants

strictly executing their judgments, but by debt collectors violating the FDCPA

prohibition against "engaging in any conduct" which they knew would cause the

plaintiffs to be publically shamed. Submitting the completed forms MC 307 to be

published with the details of Plaintiffs' debts meets the definition of "any conduct"

and the natural consequence of that conduct was the public shaming of Plaintiffs.

Plaintiffs do not complain of injuries caused by the orders for publication, but

injuries caused by the Defendants actions in obtaining and enforcing those orders.

When Defendants inserted, on the forms MC 307, the details of Plaintiffs

debts and sent the completed forms to the judge for signing, they had at that point

committed conduct the natural consequences of which was going to be the public

shaming of Plaintiffs. The violation of the FDCPA was complete at that point

regardless that at that point Plaintiffs had not suffered any actual damages. At that point the state court had made no decision. The FDCPA violations were not the product of the orders for publication, but rather the orders for publication were the product of Defendants' violations of the FDCPA. Defendants can no more blame the state court decisions for the violations then they can blame the newspapers.

## H.    Plaintiff's request for relief does not implicate Rooker-Feldman

Defendants' brief correctly stated the relevant Rooker-Feldman inquiry. "Rooker-Feldman focuses on whether the state court decision caused the injury," and the "court cannot determine the source of the injury without reference to the plaintiff's request for relief." *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012). [4] However, the Defendants' brief fails to follow up and actually consider Plaintiffs' requests for relief. Plaintiffs' complaint requested damages under the FDCPA and injunctive relief preventing the Defendants from publishing notices of action in the future. (RE Doc 14, Page ID # 152-53) While the latter relief may not be available under the FDCPA the request for prospective relief does not result in the application of Rooker-Feldman. *Berry* at 300.

The critical point, and the one Magistrate Judge Morris understood, is that granting FDCPA damages to Plaintiffs does not affect the state court orders or

---

[4] See Appellees' Joint Brief, at page 13).

judgments (RE Doc #22, Page ID 376). Were Plaintiffs to win this lawsuit, the orders for alternate service and publication, would not be overturned.  An award of damages to Plaintiffs does not require the orders for alternate service to be voided.  The state court orders and judgments remain unaffected.  The Defendants keep whatever they obtained in the underlying proceedings.  The Rooker-Feldman doctrine is inapplicable under these circumstances.

If, on the other hand, Plaintiffs had requested an injunction against the enforcement of the state court orders, Rooker-Feldman would bar that claim.  Or if the Plaintiffs had requested that the federal court declare the Orders for Alternate Service void, resulting in the state court lacking personal jurisdiction in those cases, the doctrine would apply.   If that had been Plaintiffs' requested relief the arguments advanced by Defendants would be applicable.  However, Plaintiffs can be granted their requested relief under the FDCPA without disturbing the underlying state cases in anyway.  Thus it follows the U.S. District Court has jurisdiction to hear the Plaintiffs' FDCPA claims.

## I.    Independent claims may deny a legal conclusion of the state court.

Defendants' brief contends that Rooker-Feldman bars Plaintiffs' claims because "they are clearly 'alleging error in a state court decision'"[5] Plaintiffs' claims do deny the legal conclusions the state court impliedly made when it

---

[5] See Appellees' Joint Brief page 18.

granted Defendants' motions. However, this court has held that fact does not bar the claims under Rooker-Feldman. "[T]hese independent claims may deny a legal conclusion of the state court . . . however, this fact does not lead to a divestiture of subject matter jurisdiction in the federal courts." *McCormick v. Braverman,* 451 F.3d 382, 393-94 (6th Cir.2006). In *Abbott* this court explained that "by focusing on the requirement that the state-court judgment be the source of the injury, we can see how a suit asking a federal court to 'den[y] a legal conclusion' reached by a state court could nonetheless be independent for Rooker-Feldman purposes." *Id.* at 329.

Following the Supreme Court decision in *Exxon* this court issued a series of decisions refusing to apply Rooker-Feldman where Plaintiffs did not complain of the state court's judgments, but rather complained of the Defendants' conduct in obtaining those judgments. See: *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.,* 434 F.3d 432, 437 (6th Cir.2006) ("Plaintiff was injured by Defendant when he filed a false affidavit"); *Brown v. First Nationwide Mortgage Corp.,* 206 Fed.Appx. 436, 439-40 (6th Cir.2006) ("injuries were caused not by the final decree of foreclosure issued by the state court but, instead, by the actions of various people involved in the mortgage foreclosure proceedings"); *Pittman v. Cuyahoga Cnty. Dep't of Children and Fam. Sevs.,* 241 Fed.Appx. 285, 289 (6th Cir. 2007) ("challenges Defendants' allegedly improper conduct, rather than the

outcome of the state court proceedings"); *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 310 (6th Cir. 2010) ("seek[ing] compensatory damages for alleged unconstitutional conduct by a government agency,")  Similarly, Plaintiffs here complain not about the state court decisions but about Defendants' conduct during the state court proceedings . . . conduct which Plaintiffs contend violated the FDCPA and for which they are entitled to damages.

**J.      Generally relief under the FDCPA does not impair the state court order**

Opinions from courts in other circuits indicate an understanding that while FDCPA claims arising out of litigation activities may appear to attack state court decisions, the nature of a FDCPA claim, when analyzed, does not require rejection of state court decisions.  The court in *Powers v. Credit Management Services, Inc.*, 93 Fed.R.Serv.3d 1697, 313 F.R.D. 103 (2016) explained, "[i]n the Eighth Circuit, claims attacking the decision of a state court are 'distinguished from those attacking an adverse party's actions in obtaining and enforcing that decision.' [citations omitted]" The court then noted, "[i]n the FDCPA context, Rooker--Feldman has not been applied to FDCPA claims when the complaint lacks a "challenge [to] the validity of the State court's judgment" or a "challenge [to] the underlying debt itself." *Id.* 313 F.R.D. at 113.  Very recently the 2nd Circuit also distinguished FDCPA claims in applying Rooker-Feldman. "Ruling on the

question of whether the Defendants violated the FDCPA does not, in most cases, require review of the state-court judgment. The underlying state-court judgment can be perfectly valid, and the Defendants can still have violated the FDCPA by making false, deceptive, or misleading communications . . ." *McCrobie v. Palisades Acquisition XVI, LLC,* 16-1264-cv United States Court of Appeals, Second Circuit, November 10, 2016, Summary Order, page 4 (attached as Addendum)

## CONCLUSION

The district court's judgment dismissing the case should be reversed.


Respectfully submitted,

Dated: November 23, 2016                          /s/ Arvid Perrin
                                                  Arvid Perrin
                                                  Attorney for Plaintiffs/Appellants
                                                  508 Steward Ave.
                                                  Jackson, MI 49201
                                                  (989) 202-2242
                                                  arvidperrin@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2016 I filed and served the foregoing with the Court's appellate CM-ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: November 23, 2016

/s/ Arvid Perrin
Arvid Perrin
Attorney for Plaintiffs/Appellants
508 Steward Ave.
Jackson, MI 49201
(989) 202-2242
arvidperrin@yahoo.com

# ADDENDUM

*McCrobie v. Palisades Acquisition XVI, LLC,* 16-1264-cv, unreported, United States Court of Appeals, 2nd Circuit, November 10, 2016,

Summary Order

16-1264-cv
McCrobie v. Palisades et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*
> NICHOLAS G. GARAUFIS,
> *District Judge.*\*

_____

Christopher McCrobie,

> *Plaintiff-Appellant*,

v.                                                         No. 16-1264-cv

Palisades Acquisition XVI, LLC, Houslanger & Associates, PLLC, Todd E. Houslanger,

> *Defendants-Appellees.*

_____

FOR APPELLANT:                    JONATHAN R. MILLER, Brian L. Bromberg, Bromberg Law Office, P.C., New York, NY, Kenneth R. Hiller, Law Offices of Kenneth Hiller, PLLC, Amherst, NY.

FOR APPELLEE PALISADES
ACQUISITION XVI, LLC:            SCOTT EVAN WORTMAN, Hilary Korman, Warshaw Burstein LLP, New York, NY.

_____

\* Judge Nicholas G. Garaufis, United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLEES HOUSLANGER &
ASSOCIATES, PLLC and TODD E.
HOUSLANGER:**

ROBERT L. ARLEO, Robert L. Arleo, Esq.,
P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Curtin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part.

Plaintiff-Appellant Christopher McCrobie appeals from the district court's decision dismissing his first amended complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Waiver**

As an initial matter, we address the Defendants' contention that the Plaintiff's arguments should be deemed waived on appeal because the Plaintiff failed to oppose the motion to dismiss in the district court. As the Plaintiff correctly notes, all of the arguments he makes on appeal were, in fact, presented to the district court in his motion to amend the complaint and his reply memorandum in support of that motion. And, in any case, the Defendants cite to no relevant case law supporting the proposition that argument opposing dismissal for lack of jurisdiction would be waived even if raised for the first time on appeal. The Defendants' argument on this point is therefore without merit.

## II.  Procedural Posture

Because it decided the matter on jurisdictional grounds, the district court did not reach most of the many other arguments raised by the parties. The parties have nevertheless briefed those arguments in this appeal, and they invite us to rule on them. "It is our settled practice to allow the district court to address arguments in the first instance." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (quoting *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000) (per curiam)). We address only the points ruled on by the district court. In light of our determination, explained herein, that the district court erred in applying the *Rooker-Feldman* doctrine, we remand this matter to the district court so that it can consider in the first instance the parties' remaining arguments. The decision below and the record before us do permit us to review the district court's ruling on the statute of limitations, which we affirm.

## III.  The *Rooker-Feldman* Doctrine

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005).

The *Rooker-Feldman* doctrine "bars the federal courts from exercising jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94 (2d Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies when the following four requirements are satisfied:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite

3

district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced.

*Id.* (quoting *Hoblock*, 422 F.3d at 85). Here, the Plaintiff disputes that his case meets the second and third requirements, arguing that the injuries he alleges in this suit were not caused by the state-court judgment and that the present action does not invite review of the state-court judgment.

The third requirement alone is dispositive here. The Plaintiff is not asking the federal courts to overturn the underlying state-court judgment. Rather, he is alleging that the Defendants' conduct in their attempts to collect on that judgment violated a federal statute and, as a result, that he is entitled to money damages. Ruling on the question of whether the Defendants violated the FDCPA does not, in most cases, require review of the state-court judgment. The underlying state-court judgment can be perfectly valid, and the Defendants can still have violated the FDCPA by making false, deceptive, or misleading communications or using unfair or unconscionable means in the course of attempting to collect on the judgment. Here, the Plaintiff's allegations relate to the representations the Defendants made to him about the state court default judgment. The question of whether representations contained in the Defendants' income execution form were legally deficient at the time they were made is not the same as questioning whether the state court's original default judgment has continuing legal validity. Pursuing claims for violations implicit in the former does not constitute an attack on the latter. Because the third *Rooker-Feldman* requirement is not satisfied in this case, the *Rooker-Feldman* doctrine does not preclude subject matter jurisdiction.

## IV. Statute of Limitations

"We review de novo a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations[.]" *Deutsche Bank Nat. Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015).

The district court correctly concluded that the earliest possible accrual date of the FDCPA claims at issue here was August 28, 2014, when the Houslanger firm issued the income execution. The Plaintiff brought the present suit on January 6, 2015. The earliest possible accrual date is well within the limitations period.

The Defendants argue that the accrual date can be no later than March 8, 2007, the date on which the default judgment was entered against the Plaintiff in the underlying state court collection proceeding. This argument, in addition to being contrary to logic, is foreclosed by precedent. In *Benzemann v. Citibank N.A.*, we held that an FDCPA violation only occurs when a plaintiff has both a complete cause of action and notice of the FDCPA violation. 806 F.3d 98, 102-03 (2d Cir. 2015). We observed in that case that this means the statute will often begin to run *after* the date on which the allegedly deceptive debt collection notice was mailed, *id.*, but, at a minimum, a plaintiff's FDCPA cause of action cannot begin to run before the alleged violations themselves were committed, as the Defendants ask us to hold here.

For the reasons set forth herein, the judgment of the district court is **AFFIRMED** with respect to its ruling on the statute of limitations and **REVERSED** with respect to its ruling that the *Rooker-Feldman* doctrine deprived it of subject matter jurisdiction. This matter is **REMANDED** to the district court to address the parties' remaining arguments in the first instance.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

